LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS<br><br>Plaintiffs,<br>v.<br><br>KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20,<br><br>Defendants. | Case No.:  25-cv-06162-JSC<br><br>**DECLARATION OF STEVE CARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

I, STEVE CARRILLO, declare:

1.    I am an enrolled member of the Picayune Rancheria of the Chukchansi Indians ("Tribe") and Chairperson of the Picayune Rancheria Tribal Gaming Commission ("Gaming Commission"). I have served as a Commissioner of the Gaming Commission since January 2024. I am submitting this declaration in support of the Motion for a Preliminary Injunction filed by the Plaintiffs in the above-entitled action. The information contained in this declaration is of my own personal

1

knowledge and, if called as a witness in these proceedings, I could and would competently testify thereto.

2.     Through its Constitution and Tribal Gaming Ordinance, the Tribe has delegated to the Gaming Commission enumerated powers, subject only to the limitations imposed by the Tribe's Constitution or applicable federal law, to be the primary regulator of all gaming activities occurring on the lands of the Tribe.

3.     Pursuant to its Constitution, the Tribe, as the beneficial owner of its Reservation, and acting through its Tribal Council, adopted a Tribal Gaming Ordinance ("Gaming Ordinance"), which authorizes and provides for the regulation of class I, II, and III gaming on the Reservation.

4.     The National Indian Gaming Commission approved the Gaming Ordinance, and its subsequent amendments, pursuant to the authority granted to it under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 et seq. ("IGRA").

5.     Pursuant to the Gaming Ordinance, the Tribal Council established and appointed the Gaming Commission, which comprehensively regulates every aspect of the playing of class I, II, and III gaming on the Reservation.

6.     The Gaming Commission has the power and duty to inspect, examine, and monitor gaming activities, including the power to demand access to and inspect, examine, photocopy, and audit all papers, books, and records respecting such gaming activities; to the extent required, comply with any reporting requirements established under a tribal-state compact to which the Tribe is a party and other applicable law, including IGRA; promulgate and issue such regulations as it deems appropriate in order to implement and enforce the provisions of the Gaming Ordinance; promulgate regulations establishing minimum internal control standards for the operation of any gaming activities conducted on the Reservation including, but not limited to, auditing, internal fiscal controls, technical standards for electronic gaming, and describing and establishing rules for each class I, II or III game authorized to be conducted on the Reservation; and to carry out such other duties

2

with respect to all gaming activities on the Reservation as the Tribal Council shall direct from time to time by amendment to the Gaming Ordinance or by the adoption of a written policy or resolution.

7. As a current member of the Gaming Commission, I am familiar with the operation the Tribe's gaming facility.

8. Pursuant to the IGRA, on September 10, 1999, the Tribe executed the 1999 Model Tribal-State Class III Gaming Compact ("1999 Compact") with the State of California ("State").

9. The Tribe's 1999 Compact was ratified by the State legislature by statute.

10. By letter dated May 5, 2000, the Tribe's 1999 Compact was approved by Assistant-Secretary for Indian Affairs, Kevin Gover and remains in effect today as amended.

11. The Tribe has operated the Chukchansi Gold Resort and Casino, its sole gaming facility ("Casino") pursuant to the IGRA, the Gaming Ordinance and its 1999 Compact since its 1999 Compact was approved by Assistant-Secretary Gover.

12. Kalshi is conducting sports betting, a form of class III gaming, via the internet, on the Tribe's trust lands ("Indian Lands") located within the boundaries of the Tribes' Reservation.

13. Section 4.1(c) of the Tribe's 1999 Compact specifically prohibits internet gaming activities such as those being conducted by Kalshi.

14. If Kalshi's class III gaming activities on the Tribe's Indian lands are not enjoined, the Tribe's authority to regulate activities on the Tribe's Indian lands will be undermined and the Tribes regulation of gaming by the Gaming Commission will be impaired.

15. Currently, Kalshi's class III gaming activities are not being conducted under the regulatory oversight of the Gaming Commission or in compliance with the Tribe's regulatory laws, regulations, and standards, and, therefore, the Tribe's

3

members and the general public are losing the benefits of the Tribe's regulatory framework that ensure that the gaming is conducted in a manner that ensures that gaming on the Tribe's Indian lands is conducted fairly and honestly by both the operator and players, is shielded from organized crime and other corrupting influences, and that the Indian tribe is the primary beneficiary of the gaming operation.

16.    On August 7, 2025, while on the Tribe's Indian Lands and within the gaming jurisdiction of the Tribe, I was able to do the following:

a.    I used a cellular phone to download the Kalshi app from the Apple store.

b.    I created an account on the Kalshi app.

c.    I funded the Kalshi account on the Kalshi app by depositing $20 using Chase Visa debit card.

d.    Once I funded the Kalshi account, I placed a wager on the outcome of a sporting event by purchasing a "futures contract" on the final outcome of the August 7, 2025 Major League Baseball game between the Chicago White Sox and the Seattle Mariners.

e.    Specifically, I purchased a contract for $9.49 that would result in a net payout of $13 if Seattle won the game.

f.    The game on which I wagered was played to completion on August 7, 2025, with the Seattle Mariners winning the game.

g.    Because the Seattle Mariners won the game, I collected $13 on my wager.

17.    There were no terms, conditions, or regulatory restrictions presented to me on the Kalshi app prohibiting my participation in sports wagering while on the Tribe's Reservation lands. Likewise, the app employed no geofencing or geolocation mechanisms that would otherwise have restricted my participation in sports wagering while on the Reservation and within the Tribe's regulatory jurisdiction.

4

CARRILLO DECLARATION IN SUPPORT
[Case No. 25-cv-06162-RMI]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 27, 2025.

/s/ Steve Carrillo
STEVE CARRILLO, Declarant

CARRILLO DECLARATION IN SUPPORT
[Case No. 25-cv-06162-RMI]

## CERTIFICATE OF SERVICE

I am employed in the County of Mendocino, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of Rapport & Marston, 405 West Perkins Street, Ukiah, California 95482.

I hereby certify that I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system on September 4, 2025, which generated and transmitted a notice of electronic filing to CM/ECF registrants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; executed on September 4, 2025, at Ukiah, California.

*/s/ Anita Salmeron*
ANITA SALMERON

CARRILLO DECLARATION IN SUPPORT
[Case No. 25-cv-06162-RMI]