LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS <br><br> Plaintiffs, <br><br> v. <br><br> KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20, <br><br> Defendants. | Case No.: 25-cv-06162-JSC <br><br> **DECLARATION OF TRACEY HOPKINS IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

I, TRACEY HOPKINS, declare:

1.      I am an enrolled member of the Picayune Rancheria of the Chukchansi Indians ("Tribe") and Chairwoman of the Picayune Rancheria of the Chukchansi Indians Tribal Council ("Tribal Council" or "Council"). I am submitting this declaration in support of the Motion for a Preliminary Injunction filed by the Plaintiffs in the above-entitled action. The information contained in this declaration

1

is of my own personal knowledge and, if called as a witness in these proceedings, I could and would competently testify thereto.

2.    The Tribe is a federally recognized Indian tribe, organized under a written constitution, which designates the Picayune Rancheria Tribal Council as the governing body of the Tribe. The Tribe is the beneficial owner of the Picayune Rancheria ("Reservation"), which is located in Madera County, California. Title to all of the Tribe's Reservation trust lands is owned by the United States of America in trust for the Tribe.

3.    I have served as Chairwoman of the Tribe from October 2023 to the present.

4.    As Chairwoman, I am the Chief Executive Officer and official spokesperson of the Council and the Tribe. As the Chairwoman of the Tribe, I, along with the other members of the Council, oversee the day-to-day operations of the Tribal government and its business. I also represent the Tribe and correspond with other governments and entities on behalf of the Tribe.

5.    The Council governs the Tribe's members and the resources, land, and water subject to the Tribe's jurisdiction, in accordance with the authority delegated to the Council under the Tribe's Constitution ("Constitution") and applicable federal law. In overseeing the  day-to-day operations of the Tribe's government, I am responsible for the, including, but not limited to, drafting, preparing, approving, and overseeing implementation of the Tribe's governmental budgets. Accordingly, I am familiar with the Tribe's budgets and finances, and the operation of the Tribe's government and business enterprises, including the Tribe's gaming facility.

6.    In 1912, President Taft ordered that approximately 80 acres near Coarsegold, in Madera County, California, be withdrawn from settlement or other entry and set aside for Indian use. The parcel became known as the Picayune Rancheria.

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]

7.    The status of the Tribe and its Reservation was illegally terminated by the United States, pursuant to the California Rancheria Act.

8.    The termination of the Tribe extinguished the existence of the Tribe, ended the rights of the tribal members to receive special federal services as Indians, terminated the trust status of the Tribe's lands, and exposed the Tribe's lands to state and local laws, regulation, and taxation.

9.    On December 22, 1983, the United States District Court for the Northern District of California entered a "Stipulation for Entry of Judgment" and an "Order Approving Entry of Final Judgment in Action" in *Hardwick v. United States,* Case No. C-79-1910 SW ("*Hardwick*"). In 1987, the court also entered a "Stipulation for Entry of Judgment" in *Hardwick* relating specifically to the Tribe and its members.

10.    The *Hardwick* judgments provided for: (a) the reinstatement of the status of the Tribe's members' as federally recognized Indians and their eligibility for federal benefits and services provided to Indians by the United States; (b) the reinstatement of the recognition of the Tribe's status as a federally recognized Indian tribe; (c) the application to the Tribe's members of all federal statutes that affect Indians because of their status as Indians; (d) the right of all members of the Tribe to restore to trust status any Reservation land that was still in Indian ownership; (e) the reestablishment of the boundaries of the Reservation; and (f) the restoration of all the lands within the boundaries of the Reservation to "Indian country" as defined by 18 U.S.C. § 1151.

11.    After the *Hardwick* judgments were entered, reservation land that remained in the possession of the persons named as distributees, under the voided distribution plan prepared by the Bureau of Indian Affairs to terminate the Tribe, was taken into trust for the Tribe and Tribal members by the United States within the boundaries of the Tribe's restored Reservation.

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]

12. Pursuant to its Constitution, the Tribe, as the beneficial owner of the Reservation and acting through its Council, adopted a Tribal Gaming Ordinance ("Gaming Ordinance"), which authorizes and provides for the regulation of classes I, II, and III gaming on the Reservation.

13. The National Indian Gaming Commission ("NIGC") approved the Gaming Ordinance.

14. Pursuant to the Gaming Ordinance, the Council established and appointed a tribal gaming commission that regulates the playing of classes I, II, and III gaming on the Reservation. Pursuant to the IGRA, Compact, Ordinance, and the Compact Tribal-State Gaming Association Regulation CGCC-8, the Gaming Commission has adopted comprehensive minimum internal control standards establishing and regulating, among other things, the rules for the playing of the games, the use and playing of electronic games of chance on slot machines and electronic gaming devices and technological aids in the playing of the games, and standards for how gaming revenue is counted and accounted for.

15. On September 9, 1999, the Tribe entered into a class III Tribal-State gaming compact with the State ("1999 Compact"). The 1999 Compact was ratified by the California State Legislature by statute, Cal. Gov. Code § 12012.25(a)(32). On May 5, 2000, the compact was approved by Assistant Secretary–Indian Affairs Kevin Gover.

16. The Tribe has established and is currently operating the Chukchansi Gold Resort & Casino ("Casino") on its Indian lands located within the boundaries of the Reservation pursuant to the IGRA, its 1999 Compact and amendments thereto, and its Gaming Ordinance since its 1999 Compact was approved by Assistant-Secretary Gover.

17. As the Chairwoman of the Tribe, I am also the Chairwoman of the Tribe's Chukchansi Economic Development Authority ("CEDA"). CEDA is a wholly owned enterprise of the Tribe.

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]

18.     CEDA oversees the Tribe's economic development activities, including its gaming activities conducted, pursuant to the IGRA, the Tribe's Compact, and the Tribe's Gaming Ordinance, at its Casino. As the Chair of CEDA, I am familiar with the day-to-day operations of the Tribe's Casino.

19.     Pursuant to the 1999 Compact and Gaming Ordinance, the Tribe comprehensively regulates all aspects of gaming on the Reservation.

20.     CEDA conducts gaming on the Reservation under the fictitious business name of the Chukchansi Gold Resort and Casino ("CGRC") as a tribal enterprise. CGRC is not separately incorporated from the Tribe. CGRC consists of a 402 room hotel, 2,020 slot machines, and 40 table games casino, 7 restaurants, a coffee shop and a conference center.

21.     The Casino employs both members and non-members, and both union and non-union employees. The Casino currently employs approximately 1,219 employees. As of July 3, 2025, roughly half of CGRC's employees were members of the Unite Here, International Union Local 19 ("Unite Here").

22.     Unite Here member employees are employed in a wide variety of roles, including bartenders, bell persons, buffet attendants, bus persons, cashiers, dishwashers, engineers, front desk representatives, guest room attendants, line cooks, runners, servers, slot floor persons, slot technicians, ground crew, facility maintenance workers, and valet drivers.

23.     The Casino is the primary source of revenue for the Tribe to fund the operations of its Tribal government including, but not limited to, Tribal Administration, Planning, Water and Sewer Utilities, Street and Sidewalk Construction, Repair and Maintenance, Housing, Public Works, Electrical Utility, Social Services and the Office of the Attorney General. The Tribe is currently in the process of establishing a Tribal Court and Police Department. In addition, the Tribe provides a range of programs and services to its members including, but not limited to, elder care, after school education programs, boys and girls club, education

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]

department and scholarships, drug rehabilitation programs and a homelessness program. All the Tribe's governmental departments and service programs are rudimentary, and all suffer from a lack of revenue.

I declare under penalty of perjury that the foregoing is true and correct; executed this 25th day of August, 2025 in Coarsegold, California.

*/s/ Tracey Hopkins*
TRACEY HOPKINS, Declarant

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]

## CERTIFICATE OF SERVICE

I am employed in the County of Mendocino, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of Rapport & Marston, 405 West Perkins Street, Ukiah, California 95482.

I hereby certify that I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system on September 4, 2025, which generated and transmitted a notice of electronic filing to CM/ECF registrants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; executed on September 4, 2025, at Ukiah, California.

*/s/ Anita Salmeron*
ANITA SALMERON

HOPKINS DECLARATION IN SUPPORT
[Case No. 25-cv-06162-JSC]