Mark R. Conrad (CA Bar No. 255667)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:  (415) 343-7100
Fax:  (415) 343-7101
Email: mconrad@conmetkane.com

Mithun Mansinghani (admitted *pro hac vice*)
**LEHOTSKY KELLER COHN LLP**
629 W. Main Street
Oklahoma City, OK 73102
Tel:  (512) 693-8350
Email: mithun@lkcfirm.com

Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Brittany L. Sukiennik (admitted *pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel:  (212) 474-1000
Fax:  (212) 474-3700
Email: aryan@cravath.com
Email: korsini@cravath.com
Email: bsukiennik@cravath.com

*Attorneys for Robinhood Markets, Inc.,
and Robinhood Derivatives LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, AND PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, AND DOES 1-20,<br><br>Defendants. | CASE NO. 3:25-cv-06162-JSC<br><br>**DECLARATION OF ADAM HICKERSON IN SUPPORT OF ROBINHOOD DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        October 23, 2025<br>Time:       10:00 a.m.<br>Judge:      Hon. Jacqueline Scott Corley<br>Courtroom: 8, 19th Floor |

I, **ADAM HICKERSON**, declare as follows:

1. I am Chief Operating Officer of Robinhood Derivatives, LLC ("Robinhood"). My job responsibilities include ensuring that Robinhood, its personnel and its clients adhere to all applicable National Futures Association rules and Commodity Futures Trading Commission ("CFTC") regulations to maintain a compliant futures and swaps business. I submit this declaration in support of Robinhood Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

**Robinhood's Offering of Kalshi's Event Contracts**

2. Robinhood Markets, Inc. is the parent company of a number of financial-services subsidiaries, including Robinhood, which are democratizing finance by removing barriers to access to financial markets, including by offering zero-commission stock trading and easy-to-use mobile and web applications. With a commitment to offering low fees, an intuitive mobile experience and powerful tools, Robinhood Markets and its subsidiaries empower everyday investors to navigate financial markets safely and efficiently.

3. Robinhood is registered with the CFTC as a futures commission merchant ("FCM"). Robinhood was first approved by the CFTC as an FCM in 2010 under the name Marex North America LLC and has since maintained its registration.

4. Robinhood began offering some limited event contract trading starting in October 2024. The only event contracts Robinhood offered in 2024 were related to the outcome of the U.S. presidential election; those contracts were not traded on KalshiEX, LLC's ("Kalshi") exchange. On March 17, 2025, Robinhood launched its prediction markets hub through which its customers can place orders for event contracts. Robinhood currently works exclusively with Kalshi to offer trading in event contracts to its customers.

5. Robinhood intermediates event contract trades on Kalshi's CFTC-designated contract market. This means that Robinhood customers place buy and sell orders through their Robinhood accounts (accessed through Robinhood's mobile application), and Robinhood submits those orders to Kalshi's exchange for execution. While Robinhood customers are placing orders for event contract trades in their Robinhood accounts, the *trades* themselves are executed on Kalshi's exchange. This is no different from

1  a Kalshi customer placing an order for an event contract trade through her Kalshi account, which is then executed on Kalshi's exchange; here, the user interface is Robinhood's instead of Kalshi's, which is convenient for Robinhood customers, but does not affect the way in which trades are executed on Kalshi's exchange.

6. Related to this relationship, Robinhood has entered into two agreements with Kalshi, an FCM Membership Agreement with KalshiEX, LLC and an FCM Clearing Member Agreement with Kalshi Klear LLC, both dated January 28, 2025. True and correct copies of these agreements are attached as Exhibits A and B. These agreements obligate Robinhood to ensure that the access it provides to Kalshi's platform is secure and in compliance with all applicable laws, including the Commodity Exchange Act ("CEA") and CFTC's regulations. These agreements also require Robinhood to abide by Kalshi's rules. True and correct copies of these rules are attached as Exhibits C and D.

**Harm Resulting from a Potential Injunction**

7. As an FCM, Robinhood cannot facilitate customer orders for event contracts without access to a DCM. Kalshi is the only DCM with which Robinhood has a relationship for sports-related event contract trading. Without access to Kalshi's DCM, Robinhood would be required to terminate users' orders, liquidate positions and pause trading indefinitely. Any loss of access to Kalshi's DCM would cause severe disruption to Robinhood's event contracts business, including loss of both customers and goodwill.

8. Harm to Robinhood from loss of access to Kalshi's DCM would be severe because of the volume and extent of Robinhood customers' sports-related event contracts trading.

9. As of September 25, 2025, Robinhood has processed over 2.8 billion sports-related event contracts from over 400,000 traders nationwide. As of September 25, 2025, Robinhood has processed over 600 million sports-related event contracts from over 70,000 traders in California.

10. Customers who place sports-related event contracts through Robinhood also frequently trade other products, such as stocks, options or crypto. If Robinhood's ability to offer sports-related event contracts were shut down to any extent, the Robinhood companies would risk losing the goodwill of those customers and associated revenue across other products.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on September 25, 2025, in Chicago, IL.

                                          /s/ *Adam Hickerson*
                                              Adam Hickerson