Olivia S. Choe (pro hac vice)
ochoe@milbank.com
Joshua B. Sterling (pro hac vice)
jsterling@milbank.com
MILBANK LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (pro hac vice)
gmainland@milbank.com
Karen Wong (pro hac vice)
kwong3@milbank.com
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants KALSHI INC.
KALSHIEX LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS,<br><br>  Plaintiffs,<br><br>  vs.<br><br>KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20,<br><br>  Defendants. | Case No. 3:25-cv-06162<br><br>**DEFENDANTS KALSHI INC. AND KALSHIEX LLC'S STATEMENT OF RECENT DECISION (L.R. 7-3(d))** |

STATEMENT OF RECENT DECISION
Case No. 3:25-cv-06162

Pursuant to Local Rule 7-3(d), Defendants Kalshi Inc. and KalshiEX LLC (together, "Kalshi") respectfully submit this Statement of Recent Decision to advise the Court of a recent Third Circuit decision affirming the grant of a preliminary injunction to Kalshi.

In *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.), Dkt. 105 (Apr. 6, 2026) ("Op."), submitted with this Statement of Recent Decision, the Third Circuit became the first court of appeals to decide whether the Commodity Exchange Act ("CEA" or the "Act") preempts state gambling laws as applied to Kalshi. The Third Circuit affirmed the district court's entry of a preliminary injunction against enforcement of those laws as to Kalshi on the ground that the CEA "preempts state laws that directly interfere with swaps traded on [Designated Contract Markets, or "DCMs"]" and "Kalshi's sports-related event contracts are swaps traded on a [Commodity Futures Trading Commission, or "CFTC"]-licensed DCM, so the CFTC has exclusive jurisdiction." Op. 4. The court concluded that "Kalshi's sports-event contracts fit comfortably" within the CEA's definition of a "swap" because "[t]he outcome of a sports event certainly can be associated with a potential financial, economic, or commercial consequence," such as consequences for "sponsors, advertisers," and other stakeholders. Op. 8. The court further held "that both field and conflict preemption apply" to prohibit the state from regulating sports-related event contracts on CFTC-licensed DCMs. Op. 4, 9. In response to the state's contention that a presumption against preemption applies in the context of state gambling laws, the court explained that "the text preempts state gambling laws that seek to regulate futures trading," and that no presumption can overcome the clear statutory text, especially given that "the federal government has regulated the derivatives market for over a century." Op. 13-14.

Regarding the balance of harms and the equities, the court determined that Kalshi had established that it would incur irreparable harm absent injunctive relief based on the state's threat to impose civil and criminal penalties and the resulting economic and reputational harm to Kalshi. Op. 16-17. And the court noted that "the public interest is best served by enforcing the Act," and "the public interest factors tip toward Kalshi." Op. 17.

The Third Circuit's decision directly bears on whether the CEA's grant of exclusive jurisdiction to the CFTC leaves any room for state or tribal regulation of trading on DCMs, whether

STATEMENT OF RECENT DECISION
Case No. 3:25-cv-06162                2

pursuant to IGRA or tribal ordinance. *See, e.g.*, ECF No. 67 at 10-11, 16-17. Additionally, the decision is relevant to whether Kalshi advertised its event contracts as lawful in good faith, *see id.* at 22, and whether two of the three alleged predicate acts upon which Plaintiffs base their Racketeer Influenced and Corrupt Organizations Act claims (violations of the Wire Act and 18 U.S.C. § 1955) are premised upon preempted state laws. *See id*. at 28-29.

A copy of the Third Circuit's opinion is attached as Exhibit 1.

Dated:  April 9, 2026                    FARELLA BRAUN + MARTEL LLP


By:  _____ */s/ Christopher C. Wheeler*_____
Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Olivia S. Choe (pro hac vice)
ochoe@milbank.com
Joshua B. Sterling (pro hac vice)
jsterling@milbank.com
MILBANK LLP
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (pro hac vice)
gmainland@milbank.com
Karen Wong (pro hac vice)
kwong3@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi Inc.*
*and KalshiEX LLC*

47225\20985577.

STATEMENT OF RECENT DECISION
Case No. 3:25-cv-06162                    3