UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BLUE LAKE RANCHERIA, et al.,

        Plaintiffs,

    v.

KALSHI INC., et al.,

        Defendants.

Case No.  25-cv-06162-JSC

**ORDER VACATING HEARING ON DEFENDANTS' MOTIONS TO DISMISS AND REQUESTING BRIEFING RE: WHETHER THIS CASE SHOULD BE STAYED**

Plaintiffs are three federally recognized Indian tribes who challenge Defendants' sports-related event contracts.  Pending before the Court are Defendants' motions to dismiss.  (Dkt. Nos. 67, 68.)[1]  As explained below, there is an appeal pending before the Ninth Circuit in *KalshiEx, LLC, v. Hendrick, et al.*, Case. No. 25-7516, that, if disposed of, directly bears on core issues with this case, including those in Defendants' motion to dismiss.  The Court is inclined to stay the case under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), at least until the Ninth Circuit rules in *Hendrick*, and orders simultaneous briefing from the parties regarding whether the case should be stayed pending those appeals.  The April 30, 2026 hearing on Defendants' motions is vacated pending the Court's stay determination.

## BACKGROUND

### A.  Procedural History

Plaintiffs bring claims for (1) violation of the Indian Gaming Regulatory Act ("IGRA"), (2) violation of tribal gaming ordinances, (3) violation of the Racketeer Influenced and Corrupt

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Organizations ("RICO") Act, (4) infringement of tribal sovereignty, and (5) violation of the Lanham Act. (Dkt. No. 1.) As relevant here, Plaintiffs contend Defendants' sports-related contracts constitute unauthorized gaming on Indian lands in violation of IGRA, tribal gaming ordinances, and Plaintiffs' sovereignty. Plaintiffs' RICO claim asserts Defendants' contracts are an unlawful "Gaming Racket" and alleges a predicate act of wire fraud under the theory Defendants misrepresent their contracts are "legitimate commodity contracts tradable on a [Commodities Futures Trading Commission]-regulated exchange[.]" (Dkt. No. 1 ¶ 190.)

On September 4, 2025, Plaintiff moved for a preliminary injunction on their IGRA and Lanham Act claims. (Dkt. No. 35.) The Court denied Plaintiff's motion on November 10, 2025, noting Plaintiffs had not shown a likelihood of succeeding on those claims. (Dkt. No. 71.) For the IGRA claim, the Court explained two different statutes, the Unlawful Internet Gambling Act ("UIGEA") and the Commodity Exchange Act, govern Kalshi's contracts. The Court reasoned the latter statute gave "exclusive jurisdiction" over Kalshi's contracts to the Commodities Future Trading Commission ("the Commission"). (*Id.* at 11 (quoting 7 U.S.C. § 2(a)(1)(A))). Plaintiffs appealed this Order (Dkt. No. 73), and on appeal Plaintiffs argue Kalshi's contracts are sports betting not subject to the Commission's exclusive jurisdiction and this Court incorrectly interpreted IGRA, the UIGEA, and Lanham Act precedent. (*See, e.g.*, *Blue Lake Rancheria, et al. v. Kalshi, Inc. et al.,* Case No. 25-7504, Dkt. No. 31) (Plaintiffs' opening brief).

While Plaintiff's motion was pending, Defendants filed separate motions to dismiss. Defendants argue, among other things, the Commission has exclusive jurisdiction over Kalshi's activities, the Commodity Exchange Act preempts tribal ordinances, and Plaintiffs have not plausibly alleged predicate RICO acts.

### B. The Pending *Hendrick* Decision

On April 16, 2026, the Ninth Circuit heard argument in another case, *KalshiEx, LLC*, *v. Hendrick, et al.*, Case. No. 25-7516, which raises similar issues. There, Kalshi asserts the Commission has exclusive jurisdiction over Kalshi's contracts and the Commodity Exchange Act preempts state gambling laws. (*Id.* Dkt. No. 20) (Kalshi's opening brief). Urging the opposite, Nevada regulators and dozens of amici raise questions about whether the Commodity Exchange

United States District Court
Northern District of California

Act preempts state law and whether Kalshi's interpretation of the law would impliedly repeal IGRA and the UIGEA. (*See, e.g.*, *id.* Dkt. No. 33) (Answering Brief).

Ten days before the Ninth Circuit argument, the Third Circuit held, over a dissent, Kalshi had a reasonably likelihood of succeeding on its claim the Commodity Exchange Act provides the Commission with exclusive jurisdiction over Kalshi's contracts and preempts state gambling laws under both field preemption and conflict preemption. *KalshiEX, LLC v. Flaherty*, 2026 WL 924004, at *1-7 (3d Cir. Apr. 6, 2026). Kalshi filed a statement of recent decision in this case regarding the Third Circuit decision. (Dkt. No. 79.)

**DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to enter a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to enter a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, the Court is inclined to stay the case at least until the Ninth Circuit rules in *Hendrick*. The issues in this case have evolved significantly since Defendants filed their motions: there has been a preliminary injunction order regarding two of Plaintiff's claims, a pending appeal of that order, a related Ninth Circuit argument with many amicus briefs, a Third Circuit Court of Appeals

United States District Court
Northern District of California

United States District Court
Northern District of California

decision, and multiple district court decisions. (*See generally* Dkt. Nos. 65, 73, 74, 79, 80.) Kalshi believes the Third Circuit opinion "directly bears" on the exclusive jurisdiction issue and the Lanham Act claim, which are raised in both the preliminary injunction order and the motions to dismiss, as well as whether the RICO claim's predicate acts rely on preempted state laws. (Dkt. No. 79 at 2-3.) *Hendrick* also directly bears on, and its disposition will simplify, the issues in this case. While tribes are not parties in *Hendrick*, the appeal addresses IGRA, the UIGEA, and whether the Commodity Exchange Act provides the Commission with exclusive jurisdiction over Defendants' contracts. And although this Court's preliminary injunction order ruled on only two of Plaintiff's claims, the Commission's jurisdiction and the legality of Defendants' contracts is central to Plaintiff's claims.

Accordingly, the Court vacates the hearing on Defendants' motions to dismiss and orders the parties to simultaneously brief whether this case should be stayed pending disposition of *Hendrick*. The parties' briefing shall be due Friday, May 1, 2026 and each submission shall not exceed 10 pages.

**IT IS SO ORDERED.**

Dated: April 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

4