LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS <br><br> Plaintiffs, <br> v. <br><br> KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20, <br><br> Defendants. | Case No.: 25-cv-06162-JSC <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF STAY** |

## INTRODUCTION

The Plaintiff Tribes initiated this litigation to stop Defendants from conducting unauthorized class III gaming on the Tribes' Indian lands, which is causing ongoing irreparable injury to the Tribes. Notwithstanding these ongoing injuries, the Tribes believe that the Court's proposed stay would be appropriate. The Tribes are currently before the Ninth Circuit Court of Appeals on appeal from this Court's denial of their motion for a preliminary injunction, and briefing on the appeal has been completed and submitted to the Court. The additional harm to the Tribes resulting from Defendants interference with the Tribes' sovereignty, their right to regulate gaming on their lands, the exclusivity attained through decades of legislative action and negotiation with the State of California, and their accrual of the loss of tribal gaming revenues,

however, will not be worsened by a stay of proceedings in this Court, because nothing can be done to alleviate the harm to the Tribes until the Ninth Circuit rules on the Tribes' appeal. As will be further explained below, the Tribes believe that the interests of the parties and the Court would be best served by staying proceedings until both the appeal in *KalshiEx, LLC, v. Hendrick, et al.*, Case. No. 25-7516 (*Kalshi*) and the pending appeal in this case, *Blue Lake Rancheria et al. v. Kalshi, Inc. et al*, Case No. No. 25-7504 (*Blue Lake*), have been ruled upon by the Court of Appeals for the Ninth Circuit.

As will be demonstrated in detail below, the issuance of a stay is appropriate because the criteria set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)[1] are met: (1) there is no tangible harm to the parties that could result from granting a stay through resolution of the pending appeal in this case before the Ninth Circuit; (2) there is substantial hardship and potential iniquity that might result from inconsistent rulings on the Tribes' claims if the motions to dismiss are addressed before the Ninth Circuit provides guidance on the novel and complex issues of intersecting statutory regimes raised in this case; and (3) the Ninth Circuit's guidance on the intersection of IGRA, UIGEA, CEA[2], and the Lanham Act will promote the orderly course of justice by clarifying the majority of the legal issues before this Court on the motions to dismiss and avoid an unnecessary appeal arising from a ruling on the motions before the Ninth Circuit's guidance has been received.

## BACKGROUND

In its April 21, 2026 Order Vacating Hearing on Defendants' Motions to Dismiss and Requesting Briefing re: Whether this Case Should Be Stayed, (ECF No. 81) (Order), the Court informed the parties that it is inclined to issue a stay in the current proceedings because: "The issues in this case have evolved significantly since Defendants filed their motions: there has been a preliminary injunction order regarding two of Plaintiff's claims, a pending appeal of that order,

[1] The *Landis* factors are: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–255).
[2] Indian Gaming Regulatory Act ("IGRA"); Unlawful Internet Gambling Enforcement Act ('UIGEA"), and Commodity Exchange Act ("CEA").

2

a related Ninth Circuit argument with many amicus briefs, a Third Circuit Court of Appeals decision, and multiple district court decisions." Order, at 3–4. The Court's observation about the rapidly changing legal landscape was underscored in the week since the Court issued the Order. On April 23, the State of Wisconsin filed suit against the Defendants, entities affiliated with the Defendants, and other entities offering prediction contracts, seeking the abatement of a public nuisance pursuant to Wisconsin state law ("engaging in criminal gambling activity under Wis. Stat. § 945.03(1m)"). On April 24, the United States Court of Appeals for the Sixth Circuit denied Kalshi's motion for a stay pending appeal of the United States District Court for the Southern District of Ohio's denial of Kalshi's motion for a preliminary injunction intended to enjoin enforcement of the State of Ohio's gambling laws against Kalshi.

As the Court made clear in the Order, the *Kalshi* appeal before the Ninth Circuit is of particular relevance to the proceedings before this Court. At the oral argument held on April 16, the three-judge panel stressed that one of the regulations implementing the CEA, 17 C.F.R. § 40.11(a)(1), prohibits the listing of contracts that involve gaming, and expressed skepticism about the assertion that the Commodity Futures Trading Commission (CFTC) has exclusive jurisdiction over the regulation of Kalshi's, Robinhood's, and North American Derivatives Exchange's sports event contracts. The panel's questions provide a reasonable basis for concluding that the panel will rule on legal issues that are addressed in the pending motions to dismiss before this Court.

There is no question, furthermore, that, in the *Blue Lake* appeal, the Ninth Circuit will also address issues that are raised in the motions.

The Tribes, therefore, believe that it is in the best interests of all of the parties to wait until the Ninth Circuit has ruled in the *Kalshi* appeal and the appeal of this Court's denial of the Tribes' motion for an injunction in *Blue Lake*.

## ARGUMENT

**I.      The issuance of a stay is unlikely to result in damage to any of the parties.**

The issuance of a stay pending the Ninth Circuit's ruling in the *Kalshi* and *Blue Lake* appeals will not impact the harm to tribal sovereignty or the economic harm currently being experienced by the Tribes. The Tribes have sought, and been denied, injunctive relief by this Court.

3

The Tribes' appeal of that ruling to the Ninth Circuit has been fully briefed. Oral argument on the appeal is tentatively[3] scheduled for July 10. The Tribes have no option but to continue to endure the harms caused by Defendants until the Ninth Circuit rules on the Tribes' appeal in this case.

A stay pending the Ninth Circuit's ruling will also not prejudice the Defendants. A stay pending the decision in the *Kalshi* and *Blue Lake* appeals will preserve the status quo. Defendants will be able to continue to offer sports event betting on the Tribes' lands pending appeal.

## II.    A stay pending the outcome of the Ninth Circuit's decision in *Blue Lake* avoids additional harm arising from multiple inconsistent decisions concerning Plaintiffs' claims.

As the Court notes, "issues in this case have evolved significantly since Defendants filed their motions," and at least one court in the Circuit has essentially reversed its position. *See KalshiEX, LLC v. Hendrick*, No. 2:25-CV-00575-APG-BNW, 2025 WL 1073495 (D. Nev. Apr. 9, 2025), order dissolved, No. 2:25-CV-00575-APG-BNW, 2025 WL 3286282 (D. Nev. Nov. 24, 2025); *KalshiEX, LLC v. Hendrick*, No. 2:25-CV-00575-APG-BNW, 2025 WL 3286282 (D. Nev. Nov. 24, 2025); *N. Am. Derivatives Exch., Inc. v. Nevada on Rel. of Nevada Gaming Control Bd.*, No. 2:25-CV-00978-APG-BNW, 2025 WL 2916151 (D. Nev. Oct. 14, 2025). Given the rapidly evolving legal landscape, and the Ninth Circuit's current consideration of a number of issues that are raised in Defendants' motions to dismiss, a decision **not** to issue a stay until the Ninth Circuit rules in *Kalshi* would cause the parties damage by making it more likely that there would be inconsistent rulings and unnecessary appeals. Resolution of *Kalshi*, will likely address whether: (1) the CEA preempts state gambling law; and (2) whether Defendants' sports event contracts are offered in violation of 17 C.F.R. § 40.11(a)(1). The issue of CEA preemption of state gambling law is relevant to the Tribes' RICO claim, as two of the three predicate acts (violations of the Wire Act, 18 U.S.C. § 1084, and the Illegal Gambling Business Act, 18 U.S.C. § 1955) are based on violations of state gambling law. The effect of 17 C.F.R. § 40.11(a)(1) was left largely unaddressed by the Court in ruling on the Tribes' motion for a preliminary injunction.

---

[3] The clerk of the Ninth Circuit Court of Appeals asked the parties if they were available for oral argument in the case on July 10, 2026. All the parties in *Blue Lake* advised the clerk that they were available on that date. The Court of Appeals has not yet issued an order scheduling oral arguments in *Blue Lake.*

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]

A stay pending the Ninth Circuit's decision in *Kalshi*, however, will not provide guidance on additional arguments that are relevant to Defendants' motions to dismiss that have been advanced by the Tribes before this Court and the Ninth Circuit.[4] A stay until the Ninth Circuit rules in *Kalshi*, thus, will fall short of achieving the Court's goal of receiving the Ninth Circuit's guidance on the legal issues raised in the pending motions to dismiss.

Because the Tribes' claims are unique and involve novel and complex issues of federal statutory law not addressed in *Kalshi*, a stay pending the outcome of the Ninth Circuit's decision in *Blue Lake* would avoid potentially conflicting decisions between this Court and the Ninth Circuit Court of Appeals concerning: (1) the scope and elements of the Tribes' IGRA claim for relief, 25 U.S.C. § 2710(d)(7)(A)(ii); (2) whether tribal-state compacts and procedures are instruments of federal law, binding on third-parties operating within the territorial jurisdiction and scope of activity governed by the compact and procedures at issue in this litigation; (3) whether UIGEA controls or repeals any portion of IGRA, specifically, the definition of class III gaming, 25 U.S.C. § 2703(8), and the designation of sports betting, in any form, as a class III gaming activity, 25 C.F.R. § 502.4(c); (4) whether 17 C.F.R. § 40.11(a) prohibits contracts that involve, relate to, or reference "gaming," and whether 17 C.F.R. § 40.11(c) includes a public interest test that would allow the CFTC to permit such contracts despite that prohibition;[5] and (5) whether the statement that "Sports Betting [is] Legal in all 50 States on Kalshi" is a non-actionable statement of opinion, and therefore not literally false under the Lanham Act.

These issues are live issues currently before the Ninth Circuit in *Blue Lake*. If the Court reaches a determination on these issues before the Ninth Circuit provides guidance, there is a risk that this Court's decision could conflict with the decision on the issues pending before the Ninth Circuit and likely cause procedural delays such as a motion for reconsideration and a second appeal. That

---

[4] For example, the argument that Kalshi's sports event contracts are antithetical to the purpose of derivatives because they create risk rather than mitigate risk *related to external assets*, Appellants' Reply Br. at 16–17, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Mar. 30, 2026) (ECF No. 55.1), and the Special Rule cannot be read to permit "gaming" contracts at the time of enactment, rather, the Special Rule can only be read to authorize the CFTC to prohibit such contracts. *Id*. at 18–20.

[5] *See* Answering Br. of Defs.-Appellees at 50–51, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Mar. 9, 2026) (ECF No. 43.1).

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]

would be inconsistent with judicial policies concerning uniformity, efficiency, and finality.

A stay pending the outcome of the Ninth Circuit's decision in *Blue Lake* avoids multiple, inconsistent rulings by this Court and the Ninth Circuit and promotes judicial economy by: (1) allowing the appeal to move efficiently through the appellate process without the need for consolidation of appeals (by either Plaintiffs or Defendants) before the Ninth Circuit on essentially the same issues; and (2) promotes judicial policies of uniformity, efficiency, and finality. Therefore, a stay pending the outcome of the Ninth Circuit's decision in *Blue Lake* is consistent with judicial economy and the criteria set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), and avoids further delay and harm to the parties.

### III. The Ninth Circuit's guidance on the intersection of IGRA, UIGEA, and the CEA, and the Lanham Act will clarify rather than complicate the majority of the claims before this Court on the motion to dismiss.

The foregoing discussion reveals that a stay pending the outcome of the Ninth Circuit's decision in *Blue Lake* will clarify, not complicate, the core issues of law before this Court on the motion to dismiss.

On appeal, the Tribes have demonstrated that: (1) compacts are not private contracts, and function like interstate-compacts with the force of federal law binding on third-parties within the territorial jurisdiction and scope of activity governed by the compact/procedures, and (2) the "violation" language in 25 U.S.C. § 2710(d)(7)(A)(ii) must be read in light of the "in conformance" language in § 2710(d)(1)(C), with the understanding that Congress intended that Tribes and States, not the federal government, regulate class III gaming and enforce the compacts as federal law through the civil remedy provided in § 2710(d)(7)(A)(ii). *See* ECF 55.1, *supra*, at 3–11.

The Tribes have also argued before the Ninth Circuit: (1) that IGRA does regulate internet gambling where the gaming activity occurs on Indian lands and UIGEA acknowledges this by establishing an exception for IGRA transactions from the definition of "unlawful" internet gambling, *see* Appellants' Opening Br. at 32–35, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Jan. 9, 2026) (ECF No. 31.1); ECF 55.1, *supra*, at 11–12; (2) there is no basis for the application of UIGEA, unlike *Iipay*, *see* ECF 55.1, *supra*, at 12–14; and (3) that *Iipay* is inapposite

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]

as to whether UIGEA controls because *Iipay* did not involve the application of IGRA and the State of California alleged a UIGEA claim in *Iipay*, which Plaintiffs have not done in this case. *See* ECF 55.1, *supra*, at 14–15.

In addition, the Tribes have argued to the Ninth Circuit: (1) that 18 U.S.C. § 1166 (a) makes it a federal crime for the Defendants to conducting gaming on the Tribes' Indian lands in violation of California's gambling laws, specifically Penal Code § 337a, which prohibits sports gambling within the State, and (2) because § 1166 prohibits the Defendants from engaging in sports gambling on the Tribes' Indian lands, the Tribes' compacts/procedures do not have to contain express language prohibiting the Defendants sports gaming but instead needs to expressly authorize the Defendants gaming activities which the compacts/procedures do not. *see* Appellants' Reply Br. at 10–11, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Jan. 9, 2026) (ECF No. 55.1

With respect to the Lanham Act[6], the Tribes have argued before the Ninth Circuit that: (1) the statement that "Sports Betting [Is] Legal in All 50 States On Kalshi" is a false statement of fact, not opinion; ECF 31.1, *supra*, at 42–46; and that (2) if the statement can be considered an opinion, Kalshi lacked a good-faith belief in its truth. ECF 31.1, *supra*, at 46–49.

All of these issues are addressed in the motions to dismiss. Therefore, the Ninth Circuit's decision in *Blue Lake* will clarify, not complicate, the core issues of law before this Court on the motions to dismiss.

**CONCLUSION**

For all the forgoing reasons, the Tribes request that the Court stay all proceedings in this case pending a final decision by the Ninth Circuit Court of Appeals in both *Kalshi* and *Blue Lake*.

DATED: May 1, 2026                     Respectfully Submitted,

                                        RAPPORT AND MARSTON

                              By:    /s/ *Lester J. Marston*
                                        LESTER J. MARSTON, Attorney for *Plaintiffs*

---

[6] With respect to Indian tribes, Congress has ensured that state gambling prohibitions apply with full force in Indian country by incorporating them into federal law. *See* 18 U.S.C. § 1166; *see also* Cal. Penal Code § 337a. Thus, conduct that qualifies as "sports betting" under state law is not uniformly lawful nationwide, and the Defendants cannot avoid that conclusion by recharacterizing its product as something else.

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]

*Blue Lake Rancheria, Chicken Ranch Rancheria of Me-Wuk Indians, and the Picayune Rancheria of Chukchansi Indians*

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]

**CERTIFICATE OF SERVICE**

I am employed in the County of Mendocino, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of Rapport & Marston, 405 West Perkins Street, Ukiah, California 95482.

I hereby certify that I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system on May 1, 2026, which generated and transmitted a notice of electronic filing to CM/ECF registrants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; executed on May 1, 2026, at Ukiah, California.

*/s/ Ericka Duncan*
ERICKA DUNCAN

PLAINTIFFS' BRIEF IN SUPPORT OF STAY
[Case No. 25-cv-06162-JSC]