Mark R. Conrad (CA Bar No. 255667)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: mconrad@conmetkane.com

Mithun Mansinghani (admitted *pro hac vice*)
**LEHOTSKY KELLER COHN LLP**
629 W. Main Street
Oklahoma City, OK 73102
Tel:    (512) 693-8350
Email: mithun@lkcfirm.com

Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Brittany L. Sukiennik (admitted *pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel:    (212) 474-1000
Fax:    (212) 474-3700
Email: aryan@cravath.com
Email: korsini@cravath.com
Email: bsukiennik@cravath.com

*Attorneys for Robinhood Markets, Inc.,
and Robinhood Derivatives, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, AND PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, <br><br> Plaintiffs, <br><br> v. <br><br> KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, AND DOES 1-20, <br><br> Defendants. | CASE NO. 3:25-cv-06162-JSC <br><br> **ROBINHOOD DEFENDANTS' BRIEF REGARDING *LANDIS* STAY** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................................................1

LEGAL STANDARD.............................................................................................................................2

ARGUMENT ..........................................................................................................................................2

      I.     A *LANDIS* STAY IS UNNECESSARY AS TO ROBINHOOD BECAUSE THE *HENDRICK* AND *BLUE LAKE* DECISIONS WILL NOT SIMPLIFY OR RESOLVE THE CLAIM AGAINST ROBINHOOD. ..........................................................2

      II.    THE BALANCE OF HARDSHIPS WEIGHS AGAINST GRANTING A STAY AS TO THE CLAIM AGAINST ROBINHOOD. .................................................................6

CONCLUSION .......................................................................................................................................8

**INTRODUCTION**

Robinhood Markets, Inc. and Robinhood Derivatives, LLC (together, "Robinhood") submit this brief pursuant to the Court's order requesting briefing as to whether a stay of this action would be appropriate under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), pending the Ninth Circuit's decision in *KalshiEx, LLC, v. Hendrick, et al.*, Case No. 25-7516 (9th Cir. argued Apr. 16, 2026) (hereinafter "*Hendrick*"). Robinhood also addresses whether a *Landis* stay would be appropriate pending the Ninth Circuit appeal of this Court's order denying Plaintiffs' motion for preliminary injunction, which is set for argument in July. Notice of Oral Arg., *Blue Lake Rancheria v. Kalshi Inc.*, Case No. 25-7504 (9th Cir. Apr. 26, 2026), ECF No. 61 (hereinafter "*Blue Lake*"). Robinhood respectfully submits that, as to the sole claim pending against Robinhood, such a stay is unnecessary and requests that the Court proceed with deciding Robinhood's motion to dismiss Plaintiffs' civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.

*First*, a stay pending the result in *Hendrick* or *Blue Lake* would not simplify or resolve Plaintiffs' case against Robinhood. *See infra* Part I. That is because this Court can resolve this case entirely as to Robinhood without reaching any issues before the Ninth Circuit in *Hendrick* or *Blue Lake*. Robinhood has moved to dismiss the single claim that Plaintiffs assert against it, for violating civil RICO. As the Court points out, the *Hendrick* Court may determine whether the Commodity Exchange Act ("CEA") provides the Commodities Futures Trading Commission ("CFTC") with exclusive jurisdiction over Kalshi's event contracts and preempts state gambling laws. Order Vacating Hr'g on Defs.' Mots. to Dismiss and Requesting Briefing Re: Whether This Case Should Be Stayed at 2-3, ECF No. 81. But Plaintiffs' civil RICO claim against Robinhood fails for multiple, independent reasons that are entirely unrelated to the CFTC's jurisdiction and the preemption questions that the *Hendrick* Court may decide, including that: (1) Plaintiffs lack statutory standing under RICO; and (2) Plaintiffs fail to plead an "association-in-fact enterprise" required for RICO liability. Additionally, the Ninth Circuit's decision in the *Blue Lake* appeal—which concerns Plaintiffs' Indian Gaming Regulatory Act ("IGRA") and Lanham Act claims—will not affect this Court's disposition of the civil RICO claim against Robinhood. *Second*, delaying resolution of Robinhood's motion to dismiss would subject Robinhood to prolonged uncertainty, which is unnecessary in light of the limited potential impact of the Ninth Circuit's *Hendrick* and *Blue Lake*

decisions to Robinhood's motion to dismiss.  Given the harm to Robinhood and the lack of harm to Plaintiffs, the balance of the hardships does not favor a stay.  *See infra* Part II.  Thus, under *Landis*, the Court should not grant a stay of proceedings as to the claim against Robinhood.

**LEGAL STANDARD**

The Court has the discretion "to stay proceedings in its own court."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254).  "Whether to issue a stay in a case is based on the trial court's sound discretion and basic principles of equity, fairness, efficiency, and conservation of judicial resources."  *Perez v. Indian Harbor Ins. Co.*, 613 F. Supp. 3d 1171, 1179 (N.D. Cal. 2020).  Courts weigh the following factors when deciding whether to grant a stay:  (1) possible harm resulting from granting a stay; (2) the hardship or inequity to the movant if the stay is not granted; and (3) the orderly course of justice, including whether the stay would simplify or complicate the issues, proof and questions of law.  *See Lockyer*, 398 F.3d at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

**ARGUMENT**

A stay of Plaintiffs' claim against Robinhood pending the Ninth Circuit's decisions in *Hendrick* or *Blue Lake* is unnecessary because this Court can resolve the only claim brought against Robinhood on multiple grounds that the Ninth Circuit will not address in those appeals.  Therefore, a stay is inappropriate under the third *Landis* factor, which considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer*, 398 F.3d at 1110 (citing *CMAX*, 300 F.2d at 268).  *See infra* Part I.  Because the harm to Robinhood from granting a stay outweighs any hardship Plaintiffs may suffer from denying a stay, a stay is also inappropriate under the first two *Landis* factors.  *See infra* Part II.

**I.     A *LANDIS* STAY IS UNNECESSARY AS TO ROBINHOOD BECAUSE THE *HENDRICK* AND *BLUE LAKE* DECISIONS WILL NOT SIMPLIFY OR RESOLVE THE CLAIM AGAINST ROBINHOOD.**

The Court should not stay the case as to Robinhood because the *Hendrick* and *Blue Lake* decisions will not simplify or resolve the sole claim brought against Robinhood.  A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court."  *Lockyer*, 398 F.3d at 1113; *see also United Farm Workers v. Noem*,

2

No. 1:25-CV-00246 JLT CDB, 2026 WL 185064, at *16 (E.D. Cal. Jan. 25, 2026) ("[C]ourts typically stay cases when the outcome of another proceeding will have *preclusive effect* on the pending issues." (citations and quotation marks omitted)).  Further, where the resolution of other pending actions may have some impact on a case before the court, the court can order partial stays to allow the parts of a case unaffected by other actions to proceed.  *See Calvillo Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018) (holding that a complete stay was inappropriate as to issues that would be unresolved by an appeal in a parallel proceeding).

Here, a *Landis* stay is inappropriate as to Robinhood because the outcome in *Hendrick* is "unlikely to decide" the issues pending in Robinhood's motion to dismiss.  *Lockyer*, 398 F.3d at 1113.  In its motion to dismiss briefing, Robinhood advanced three independent reasons why the Court should dismiss Plaintiffs' civil RICO claim:  (1) Plaintiffs lack statutory standing under RICO; (2) Plaintiffs fail to plead an "association-in-fact enterprise;" and (3) Plaintiffs fail to plead predicate acts of racketeering conduct.  The first two independent bases for dismissal do not involve any issues that the Ninth Circuit may decide in *Hendrick*; a stay would therefore be inappropriate.  *See Calvillo Manriquez*, 2018 WL 5316174, at *3.  The third basis for dismissal—the failure to plead predicate acts—only partially overlaps with the issue of federal preemption.  It too is unlikely to be decided in *Hendrick* and therefore does not warrant staying this case.  *See Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST, 2018 WL 3349183, at *2 (N.D. Cal. July 9, 2018) (denying stay where "[w]hile there is undeniably some overlap, the cases are far from identical").

*First*, the Court can dismiss Plaintiffs' RICO claim because Plaintiffs lack statutory standing. Statutory standing under RICO is a threshold question, and the Court can grant Robinhood's motion to dismiss Plaintiffs' RICO claim on this basis without addressing whether Plaintiffs have plausibly pleaded any elements of the claim.  *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1026 (N.D. Cal. 2020) (holding that plaintiffs' RICO claim is subject to dismissal for lack of statutory standing).  As explained in Robinhood's briefing in support of its motion to dismiss, the Supreme Court and Ninth Circuit have repeatedly held that Plaintiffs' theory of competitive injury—diversion of customers from Plaintiffs' casinos—cannot support a civil RICO claim.  Robinhood's Mot. to Dismiss Pls.' Compl. ("Br.") at 19-20, ECF No. 68; Robinhood's Reply in Supp. of Mot. to Dismiss ("Reply") at 3-4, ECF No. 76.  To have

CASE NO. 3:25-cv-06162-JSC                    ROBINHOOD DEFENDANTS' BRIEF RE: *LANDIS* STAY

RICO standing, Plaintiffs must allege that their injuries were directly caused "by reason of" the alleged racketeering. 18 U.S.C. § 1964(c); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 456-57 (2006). For an injury to be caused "by reason of" the alleged racketeering, a plaintiff must show "that the racketeering activity was . . . a proximate cause of his injury." *Rezner v. Bayerische Hypo- und Vereinsbank AG*, 630 F.3d 866, 871, 873 (9th Cir. 2010) (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)). Therefore, only *direct* victims of the alleged predicate violations—not indirect business competitors— have standing to pursue civil RICO claims. *Anza*, 547 U.S. at 458-60; *see Rezner*, 630 F.3d at 873-74. Plaintiffs do not meaningfully engage with the requirement that their injuries be directly caused "by reason of" the alleged racketeering. 18 U.S.C. § 1964(c); *Anza*, 547 U.S. at 456-57. Instead, they advance an indirect theory of encroachment upon their monopolies based on "diverting revenue that belongs to the Tribes." Pls.' Opp'n. to Defs.' Mot. to Dismiss ("Opp.") at 41-42, ECF No. 75.

Further, Plaintiffs do not address the fact that their alleged competitive injury cannot form the basis of a RICO claim under their chosen statutory predicates—the Wire Act, the Illegal Gambling Business Act and the Wire Fraud statute. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405-06 (9th Cir. 1991) (holding that competitive injury cannot support a RICO claim under mail fraud and related statutes). Even if it were true (and it is not) that Defendants used the mails or interstate wires to misrepresent the nature of sports-related event contracts, only customers who spent money trading those contracts could have been deprived of a cognizable property interest. The direct victims of any purported RICO scheme based on those predicates would therefore be consumers, not business competitors.

*Second*, the Court can independently dismiss Plaintiffs' RICO claim because Plaintiffs fail to adequately plead an association-in-fact enterprise. Plaintiffs' pleading fails because Plaintiffs do nothing to distinguish Robinhood and Kalshi's routine commercial dealing from a joint enterprise premised on a common unlawful purpose. Br. at 24-25; Reply at 9-10; *see Fraser v. Team Health Holdings, Inc.*, No. 20-CV-04600-JSW, 2022 WL 971579, at *11 (N.D. Cal. Mar. 31, 2022) ("Courts routinely reject attempts to characterize routine commercial relationships as RICO enterprises."). Plaintiffs do not allege a structure separate from each entity's own operations. *See Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019); *see also Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (ordinary conduct by each defendant insufficient to constitute "conduct[ing] or participat[ing] in the conduct of the '*enterprise's*

4

affairs,'" as opposed to "their *own* affairs"). Nor do they explain how Defendants' conduct went beyond each of their respective operations. *See Gomez v. Guthy-Renker, LLC*, No. EDCV 14-01425 JGB (KKx), 2015 WL 4270042, at *11 (C.D. Cal. July 13, 2015). All Plaintiffs describe is the customary relationship between any CFTC-designated contract market ("DCM") and futures commission merchant ("FCM"): the CEA and CFTC regulations require an FCM to route trades for execution on a DCM, subject to the DCM's rules.

*Third*, the Court can independently dismiss the civil RICO claim because Plaintiffs have failed to adequately plead predicate racketeering acts: the Wire Act, the Illegal Gambling Business Act and the Wire Fraud statute. Robinhood's arguments regarding the wire fraud predicate act are entirely unrelated to the issues on appeal in *Hendrick*. Robinhood argues that Plaintiffs fail to plead wire fraud with particularity under 18 U.S.C. § 1343. Br. at 23-24; Reply at 7-8. Plaintiffs concede that civil RICO claims based on wire fraud are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), requiring a plaintiff to plead fraud with particularity. *See* Opp. at 37. But Plaintiffs do not allege facts sufficient to support a specific intent to defraud, which requires an intent "to deceive *and* cheat." *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020). All Plaintiffs point to are good-faith legal positions publicly advanced before courts and regulators, and ongoing engagement with the CFTC about event contracts, neither of which can support an inference of fraudulent intent.

Robinhood acknowledges that the other two predicate acts (under the Wire Act and the Illegal Gambling Business Act) involve issues that may relate in part—but certainly not centrally—to the *Hendrick* appeal. However, a number of Robinhood's motion to dismiss arguments regarding the predicate acts do not depend on a finding that the CEA preempts state gambling laws, and, therefore, are unlikely to be addressed by the *Hendrick* Court. For instance, Robinhood argues that its conduct cannot violate the Wire Act or the Illegal Gambling Business Act because its event contracts do not constitute a "bet or wager" within the meaning of 18 U.S.C. § 1084 or 18 U.S.C. § 1955, as those terms are undefined. Br. at 21-22. Instead, those terms are defined by the Unlawful Internet Gambling Enforcement Act ("UIGEA"), which expressly defines "bet" and "wager" to exclude trading on a DCM. *See* 31 U.S.C. § 5362(1)(E)(ii). Recognizing UIGEA's carve-out only requires a finding that the event contracts here are in fact traded on a DCM; it does not depend on holding that the CEA preempts state gambling laws.

A *Landis* stay pending the *Blue Lake* appeal would also be inappropriate as to Robinhood because the Ninth Circuit's decision there will not be dispositive of Plaintiffs' RICO claim against Robinhood. The Ninth Circuit will decide whether Plaintiffs are likely to succeed on their Lanham Act and IGRA claims. Whether Kalshi's advertisement is actionable under the Lanham Act has no bearing on the outcome of the civil RICO claim against Robinhood. And a decision regarding the viability of Plaintiffs' IGRA claim would only bear tangentially—if at all—on the RICO claim. Plaintiffs argue Defendants' conduct exceeded typical commercial conduct because Defendants supposedly offered class III gaming on the Tribes' Indian lands in violation of IGRA. Opp. at 35-36. Even if the Ninth Circuit were to rule that offering sports-related event contracts online violates IGRA, as Plaintiffs contend, Opp. at 35-36, that would still be insufficient to allege an association-in-fact enterprise because it would not explain how Defendants' conduct went beyond each of their respective ordinary business operations. *See Gomez*, 2015 WL 4270042, at *11. Indeed, this IGRA violation argument reinforces that Plaintiffs lack statutory standing: the complained of injury from the alleged IGRA violation is the diversion of customers from Plaintiffs' casinos—an indirect injury to a business competitor that courts have repeatedly held cannot support a civil RICO claim. *See Anza*, 547 U.S. at 458-60; *see also Rezner*, 630 F.3d at 873-74.

Finally, both *Hendrick* and *Blue Lake* are appeals of preliminary injunction decisions. The Ninth Circuit has cautioned against issuing stays pending appeals of preliminary injunction orders because those decisions "may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (citations and quotation marks omitted); *see also Sarieddine v. Connected Int'l Inc.*, No. 2:22-CV-02168-DJC-AC, 2025 WL 958204, at *3 (E.D. Cal. Mar. 31, 2025) (denying stay under *Landis* for this reason). This is another reason a stay is inappropriate here.

## II.    THE BALANCE OF HARDSHIPS WEIGHS AGAINST GRANTING A STAY AS TO THE CLAIM AGAINST ROBINHOOD.

The Court should not stay the proceedings as to Robinhood for the additional reason that the balance of hardships weighs in Robinhood's favor. Under the first two *Landis* factors, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Calvillo Manriquez*, 2018 WL 5316174, at *2; *see also In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024) ("Even if there are efficiencies to be gained by a stay, the district court must also weigh the

6

relative hardships that a stay might cause."). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,'" that party "'must make out a clear case of hardship or inequity.'" *Id.* (quoting *Landis*, 299 U.S. at 255). Courts in the Ninth Circuit have recognized that parties may suffer harm from delay of litigation, including by "suffer[ing] harm to [their] goodwill, reputation, and brand equity." *Yuga Labs, Inc. v. Ripps*, No. CV 22-4355-JFW(JEMX), 2023 WL 3555482, at *4 (C.D. Cal. Mar. 30, 2023); *see also United Farm Workers*, 2026 WL 185064, at *17 (denying stay because "while judicial efficiency likely would be enhanced by a stay, Plaintiffs have a substantial interest in obtaining a prompt adjudication of their claims").

Here, there is more than just a "fair possibility" of harm to Robinhood by the delay a stay would impose, *Calvillo Manriquez*, 2018 WL 5316174, at *2, as Robinhood's reputation is actively being harmed by Plaintiffs' RICO allegations, *see* Michael McCann, *Tribes Sue Kalshi, Alleging Illegal Sports Betting on Reservations*, Sportico (July 28, 2025), https://www.sportico.com/law/analysis/2025/tribes-kalshi-lawsuit-igra-1234864478/ (reporting that "Kalshi and Robinhood are also depicted as engaged in racketeering" and that "[t]hey have allegedly conspired to offer gaming products that reveal 'consciously disregarding or actively circumventing' important 'regulatory concerns'"). The harm is particularly acute given the inflammatory nature of RICO allegations. *See Quach v. Bank of Am., N.A.*, No. 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013) ("Because of RICO's quasi-criminal nature, courts are encouraged to root out improper RICO allegations at early stages of litigation."). If the Court issues a stay, Robinhood will be subject to prolonged uncertainty regarding its position in the present case, which continues to tarnish Robinhood's reputation and undermine customers' and potential customers' confidence in Robinhood. *See Yuga Labs*, 2023 WL 3555482, at *4 (denying stay where "[plaintiff] will continue to suffer harm to its goodwill, reputation, and brand equity if these proceedings are stayed and [plaintiff's] federal claims are not promptly resolved"); *see also Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469, 474 (9th Cir. 2015) (harm to reputation and goodwill is irreparable).

The Ninth Circuit has also cautioned that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Here, a stay pending the *Hendrick* or *Blue Lake* appeals would be particularly lengthy for two reasons. *First*,

7

"the Ninth Circuit's procedures for preliminary injunction appeals do not require the court to rule by any particular time." *Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019) (granting stay despite uncertain duration where "the potential length . . . is mitigated by the lack of identified prejudice to Plaintiffs"). *Second*, the timeline for a decision by the Ninth Circuit in either *Hendrick* (argued two weeks ago) or *Blue Lake* (which will not be argued for several months) is uncertain, and even after the Ninth Circuit's decision in *Hendrick* or *Blue Lake*, "one or more parties may file a petition for rehearing en banc, a petition for certiorari at the Supreme Court, or both." *Bernstein*, 2018 WL 3349183, at *3. "This long, open-ended timeline counsels against a stay." *Id*; *see also Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("lengthy and indefinite stays place a plaintiff effectively out of court" and "create a danger of denying justice by delay" (citation and quotation marks omitted)). This type of lengthy, open-ended stay is not warranted here given the limited relevance of the Ninth Circuit's opinions to Plaintiffs' RICO claim and the reputational harm Robinhood continues to suffer from the pendency of allegations that it has violated (and continues to violate) RICO. Additionally, Plaintiffs would suffer no hardship or inequity by the Court's resolution of Robinhood's motion to dismiss. On balance, the competing interests weigh against a stay.

CONCLUSION

For the foregoing reasons, Robinhood respecfully submits that a *Landis* stay would not simplify or resolve the claim against Robinhood, and the balance of hardships favors Robinhood. Robinhood respectfully requests that the Court proceed with deciding Robinhood's motion to dismiss Plaintiffs' RICO claim.

CASE NO. 3:25-cv-06162-JSC                    ROBINHOOD DEFENDANTS' BRIEF RE: *LANDIS* STAY

Dated this 1st day of May, 2026.

**CRAVATH, SWAINE & MOORE LLP**

/s/ *Antony L. Ryan*
ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK

**LEHOTSKY KELLER COHN LLP**

/s/ *Mithun Mansinghani*
MITHUN MANSINGHANI

**CONRAD | METLITZKY | KANE LLP**

/s/ *Mark R. Conrad*
MARK R. CONRAD

*Attorneys for Robinhood Markets, Inc.,*
*and Robinhood Derivatives, LLC*