Olivia S. Choe (*pro hac vice*)
ochoe@milbank.com
Joshua B. Sterling (*pro hac vice*)
jsterling@milbank.com
**MILBANK LLP**
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (*pro hac vice*)
gmainland@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants KALSHI INC.
and KALSHIEX LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, | |
| Plaintiffs, | Case No. 3:25-cv-06162 |
| vs. | **DEFENDANTS KALSHI INC. AND KALSHIEX LLC'S BRIEF REGARDING STAY** |
| KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20, | |
| Defendants. | |

**INTRODUCTION**

Defendants Kalshi Inc. and KalshiEX LLC (together, "Kalshi") respectfully submit this brief in response to the Court's order directing that the parties make simultaneous submissions regarding whether this case should be stayed until the Ninth Circuit resolves two pending appeals. Dkt. No. 81. Kalshi agrees that a stay under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), is appropriate. The Court should stay this action pending the appeal of its order denying a preliminary injunction ("*Blue Lake* Appeal"), which "may dispose" of large swaths of the case or, at a minimum, "significantly reshape the merits." *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019). A stay pending the Ninth Circuit's resolution of *KalshiEX LLC v. Hendrick*, No. 25-7516 (9th Cir.) ("*Hendrick* Appeal")[1] is also appropriate, as that ruling may provide relevant guidance.

The *Blue Lake* Appeal raises unique and potentially dispositive legal issues. At issue are threshold questions regarding the viability of Plaintiffs' core claim under the Indian Gaming Regulatory Act ("IGRA")—including whether Plaintiffs have properly asserted a "violation of any Tribal-State compact," a prerequisite to asserting an IGRA cause of action under 25 U.S.C. § 2710(d)(7)(A)(ii), and how a different federal statute, the Unlawful Internet Gambling Enforcement Act ("UIGEA"), should inform the Court's analysis of the tribes' asserted authority to regulate Kalshi under IGRA and tribal law. The Court should stay proceedings pending the *Blue Lake* Appeal, which will provide significant guidance on the precise legal issues raised in Kalshi's pending motion to dismiss and may well resolve a number of Plaintiffs' claims.

Kalshi further agrees that a stay pending resolution of the *Hendrick* Appeal is appropriate, although that appeal does not squarely raise questions of law critical to the disposition of this case. The basic question in *Hendrick* is "whether the Commodity Exchange Act provides the Commission with exclusive jurisdiction over Defendants' contracts." Dkt. No. 81 at 4. The Ninth Circuit's analysis of the Commodity Exchange Act ("CEA") and whether it preempts state gambling laws in favor of exclusive regulatory oversight by the Commodity Futures Trading Commission ("CFTC") may provide relevant guidance to this Court in analyzing the impact of

---

[1] The Ninth Circuit has re-captioned this case to *KalshiEX LLC v. Assad*.

UIGEA on IGRA and harmonizing the two statutes. That is because UIGEA, which prohibits internet gambling that violates state or tribal law where a bet or wager is placed or received, expressly exempts transactions on a CFTC-regulated designated contract market ("DCM") such as Kalshi, mirroring the CEA's grant of "exclusive jurisdiction" to the CFTC over such markets. But the outcome of the *Hendrick* Appeal will not necessarily be dispositive as to the proper interpretation and application of UIGEA, nor will it have any bearing on the question of whether Plaintiffs even have a cause of action under IGRA.

Plaintiffs agree that a stay pending both appeals is appropriate. Dkt. No. 82 at 2 (urging issuance of a stay pending both the *Hendrick* and *Blue Lake* Appeals). To proceed with this case would be inefficient for all parties and the Court, requiring the expenditure of resources on litigating motions to dismiss or commencing discovery into claims and issues that may well be simplified, streamlined, or disposed of on appeal. Kalshi therefore respectfully submits that the Court should stay proceedings in this case pending resolution of both the *Blue Lake* and *Hendrick* Appeals.

## BACKGROUND

**Plaintiffs' Claims.** Plaintiff tribes filed this action on July 22, 2025, asserting four claims against Kalshi and a fifth claim against both Kalshi and defendants Robinhood Markets, Inc. and Robinhood Derivatives LLC (together, "Robinhood"). Dkt. No. 1. Plaintiffs allege that by offering sports event contracts, Kalshi violated IGRA and tribal law and Kalshi and Robinhood violated RICO. Plaintiffs further allege that Kalshi violated the Lanham Act by falsely advertising that it offered legal sports betting in all 50 states.

**The Preliminary Injunction Motion.** On November 10, 2025, the Court denied Plaintiffs' motion for a preliminary injunction on their IGRA and Lanham Act claims. Dkt. No. 71. On IGRA, the Court concluded that Plaintiffs had "not shown a likelihood of success on [their] claim that Kalshi's contracts are in violation of [a] Tribal-State compact," *id.* at 8, and thus were unlikely to have a cause of action under 25 U.S.C. § 2710(d)(7)(A)(ii). The Court further held that UIGEA, not IGRA, "governs Kalshi's contracts," and that under UIGEA, transactions on a DCM like Kalshi cannot constitute unlawful internet gambling. *Id.* at 9. Finally, the Court rejected the

argument that it was required to find Kalshi's sports event contracts "presumptively unlawful" under the CEA, noting that the statute expressly states that the CFTC "may determine" whether event contracts contravene the public interest. *Id.* at 12 (citing 7 U.S.C. § 7a-2(c)(5)(C)(i)(V)).

With respect to the Lanham Act, the Court held that Kalshi's advertisements were: (1) statements of opinion and that Plaintiffs had "not shown the opinion is literally false or that Kalshi lacks a good-faith belief in the opinion's truth," particularly since "multiple courts have agreed with [Kalshi]"; and (2) not false by necessary implication. *Id.* at 4. The Court also found Plaintiffs had not shown they were likely to succeed in establishing the competitive injury required for standing under the Lanham Act. *Id.* at 4-5.

Plaintiffs appealed, and argument before the Ninth Circuit is scheduled for July 10, 2026. Notice of Oral Arg., Dkt. No. 61, No. 25-7504 (9th Cir. Apr. 26, 2026).

**The Motions to Dismiss.** On October 31, 2025, Kalshi and Robinhood filed motions to dismiss all of Plaintiffs' claims. Those motions are fully briefed. *See* Dkt. Nos. 67, 68, 75, 76, 77.

**Other Litigation.** Kalshi is currently litigating numerous other matters in courts across the country. To date, Kalshi has sued or been sued by fifteen state regulators. In these cases, the central question is whether the CEA preempts state gambling laws as applied to the trading of sports event contracts on DCMs. Six of these matters have been appealed to four different circuit courts. *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.); *KalshiEX LLC v. Martin*, No. 25-1892 (4th Cir.); *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir.); *KalshiEX LLC v. Orgel*, No. 26-5235 (6th Cir.); *KalshiEX LLC v. Hendrick*, No. 25-7516 (9th Cir.); *State of Nev. ex rel. Nev. Gaming Control Bd. v. KalshiEX LLC*, No. 26-1304 (9th Cir.). There are also a number of pending disputes involving other prediction market participants as well as the CFTC. On April 6, 2026, the Third Circuit became the first appellate court to rule in one of these cases, agreeing with Kalshi that it was likely to succeed on its claim that the CEA preempts state gambling laws and provides the CFTC with exclusive jurisdiction over DCMs. *KalshiEX LLC v. Flaherty*, 2026 WL 924004, at *1-7 (3d Cir. Apr. 6, 2026). On April 16, 2026, the Ninth Circuit heard argument in the *Hendrick* Appeal.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (decision to stay falls within court's discretion).

In determining whether a *Landis* stay is appropriate, courts weigh three non-exclusive factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). In evaluating the third factor, "considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014); *Babaria v. Blinken*, 2023 WL 187497, at *2 (N.D. Cal. Jan. 13, 2023) (citing *Gustavson*, 2014 WL 6986421, at *3).

In the Ninth Circuit, stays pending appellate resolution of controlling legal questions are routinely granted where the appeal "contains issues that may dispose of the case or significantly reshape the merits." *Kuang*, 2019 WL 1597495, at *6; *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, 2025 WL 2092809, at *3 (C.D. Cal. June 18, 2025) (stay would "likely provide highly relevant guidance and possibly create dispositive authority" on questions of law); *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1064 (E.D. Cal. 2023) (same). Courts also recognize that the Ninth Circuit's general admonition "not to delay trial preparation to await an interim ruling on a preliminary injunction" carries less weight where the issues on appeal are "predominantly legal." *E. Bay Sanctuary Covenant v. Trump*, 2019 WL 1048238, at *2 (N.D. Cal. Mar. 5, 2019).

**DISCUSSION**

**I.    A Stay Pending Both Ninth Circuit Appeals Will Promote the Orderly Course of Justice**

The *Blue Lake* Appeal raises questions of law that are unique to this case and likely dispositive of key claims. At a minimum, the Ninth Circuit's ruling in this case will "significantly reshape the merits." *Kuang*, 2019 WL 1597495, at *6. That is true regardless of the outcome of the *Hendrick* Appeal.

For example, regardless of the outcome in the *Hendrick* Appeal, Plaintiffs in this case must overcome a critical gating issue under IGRA: whether they have a cause of action under 25 U.S.C. § 2710(d)(7)(A)(ii). That statutory provision gives tribes a right to sue only where they seek to enjoin activity "conducted in violation of any Tribal-State compact." In ruling on the preliminary injunction motion, this Court first found that Plaintiffs seeking to bring a claim alleging a violation of secretarial procedures, rather than a Tribal-State compact, could proceed because "procedures are 'functionally equivalent' to compacts under IGRA." Dkt. No. 71 at 7 (citing *Stand-Up for Cal.! v. U.S. Dep't of Interior*, 959 F.3d 1154, 1160 (9th Cir. 2020)). The Court nevertheless concluded that "Plaintiffs have not shown a likelihood of success" on alleging the required compact violation, holding that activity that is not "authorized" is not necessarily a "violation" of a compact. *Id.* at 7-9. As the Tenth Circuit recently confirmed, the requirement that a tribe allege a specific violation of a tribal-state compact is a necessary "element" of an IGRA claim under the statute's "plain language." *Comanche Nation v. Ware*, 2026 WL 1074239, at *5 (10th Cir. Apr. 21, 2026). Plaintiffs agree this is a "core" issue of law. Dkt. No. 82 at 6. An affirmance on this issue of pure statutory interpretation will dispose of the IGRA claim at the heart of the Complaint, no matter how the Ninth Circuit resolves the *Hendrick* Appeal.

The *Blue Lake* Appeal raises another unique and potentially dispositive question: the impact of UIGEA on Plaintiffs' claims. Kalshi has argued that UIGEA, not IGRA, should govern the Court's analysis of Plaintiffs' asserted authority to prohibit trading on Kalshi's DCM. In denying Plaintiffs' preliminary injunction motion, this Court agreed. Dkt. No. 71 at 9-10 (concluding that "a later enacted, more specific statute—the UIGEA—governs Kalshi's

contracts," and not IGRA, which applies only on Indian lands, "and nowhere else"). That ruling is front and center in the *Blue Lake* Appeal, *see* Appellee's Answering Br., Dkt. No. 43.1 at 35-47, No. 25-7504 (9th Cir. Mar. 9, 2026), and remains a fundamental dispute before this Court on the pending motions to dismiss. Dkt. No. 67 at 9-11; Dkt. No. 77 at 5-7; Dkt. No. 82 at 6-7. The Court is correct that some briefing submitted in the *Hendrick* Appeal, including by tribal amici, discusses IGRA and UIGEA, but the two statutes are not directly at issue and will not necessarily be addressed by the Ninth Circuit in its ruling. And the *Blue Lake* Appeal will also address unique legal issues relating to Plaintiffs' Lanham Act claim, including whether statements concerning a product's legality are non-actionable statements of opinion and whether the Court applied the correct legal standard in evaluating Kalshi's advertisements. Appellee's Answering Br., Dkt. No. 43.1 at 53-61, No. 25-7504 (9th Cir. Mar. 9, 2026).

The Ninth Circuit's decision in the *Blue Lake* Appeal on these purely legal issues may thus "resolve Plaintiff's claims altogether," *Babaria*, 2023 WL 187497, at *2 (citation omitted), or at least greatly "simplify[] . . . [the] issues," *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268); Dkt. No. 82 at 7 ("[T]he Ninth Circuit's decision in *Blue Lake* will clarify, not complicate, the core issues of law before the Court on the motions to dismiss."). This is true not only as to Plaintiffs' IGRA claim (Count I), but also as to their claims that Kalshi is violating their ordinances (Count II) and infringing upon their sovereignty (Count IV). All three stem from Plaintiffs' assertion that they are entitled, under IGRA, to regulate the activities of a DCM like Kalshi. *See* Dkt. No. 1 ¶¶ 157-58, 163-64; *see also* Dkt. No. 75 at 5. In addressing the interplay between IGRA and UIGEA, the Ninth Circuit is highly likely to provide meaningful guidance concerning the tribes' asserted authority to regulate Kalshi that may well be dispositive of all three claims. *See Flores*, 675 F. Supp. 3d at 1063 (even where appeal from denial of preliminary injunction did not encompass all claims, the "complexity" of issues "that permeate each claim on appeal make it likely that the Ninth Circuit's opinion will significantly guide this Court's future analysis on these legal questions"). Staying the case is thus "likely to provide substantial guidance that will impact the court's decisions in this case and may resolve Plaintiff's claims altogether." *Babaria*, 2023 WL 187497, at *2 (citation omitted). It will also minimize the risk of inconsistent

rulings, given that both the appeal and the pending motions to dismiss turn on the same controlling legal issues. *Id.* (granting stay pending appeal of denial of preliminary injunction and recognizing that "[s]hould this Court come to a final decision before the appeal is decided, that decision could be inconsistent with the Ninth Circuit's reasoning").

Staying this action pending resolution of the *Hendrick* Appeal is also appropriate. As the Court has observed, whether the CEA gives the CFTC "exclusive jurisdiction" over Kalshi's sports event contracts is relevant to—even if not dispositive of—several of Plaintiffs' claims. Dkt. No. 81 at 4. In particular, the Ninth Circuit's reasoning as to the preemptive effect of the CEA may inform this Court's analysis of UIGEA and of Plaintiffs' RICO claim, which alleges predicate acts that rely upon violation of state gambling laws that Kalshi argues are preempted by the CEA. Dkt. No. 67 at 28-29; Dkt. No. 77 at 19.

For all of these reasons, Kalshi agrees that staying this action pending resolution of both the *Blue Lake* and *Hendrick* Appeals is appropriate and will promote the orderly course of justice. To be clear, the *Blue Lake* Appeal raises unique and likely controlling legal questions that may well dispose of much of the case, regardless of the outcome of the *Hendrick* Appeal. Awaiting the Ninth Circuit's ruling in the pending appeal in this case will streamline the issues before the Court, provide it with "substantial guidance," and aid the Court in avoiding inconsistent rulings. *Babaria*, 2023 WL 187497, at *2.

**II.     The Other *Landis* Factors Also Weigh in Favor of a Stay**

The other two *Landis* factors also weigh heavily in favor of a stay. The "possible damage" that could result from a stay is, at most, minimal. Plaintiffs agree that a stay pending resolution of both appeals is appropriate. Dkt. No. 82. Any delay will have little practical impact where no discovery has yet occurred, and the status quo presents no identifiable prejudice to Plaintiffs. Dkt. No. 71 at 5 (holding Plaintiffs had not adequately alleged harm or competitive injury). The parties have completed expedited briefing under Ninth Circuit rules, and the Ninth Circuit has already heard argument in the *Hendrick* Appeal, Dkt. No. 166, No. 25-7516 (9th Cir. Apr. 16, 2026), and has scheduled oral argument in the *Blue Lake* Appeal for July 10, 2026. Notice of Oral Arg., Dkt. No. 61, No. 25-7504 (9th Cir. Apr. 26, 2026).

On the other hand, requiring the Court and parties to expend resources on the pending motions to dismiss or even to commence fact and expert discovery on legal theories that may ultimately be eliminated or fundamentally reshaped by the Ninth Circuit would impose a "hardship or inequity sufficient to justify a stay." *Hart v. Charter Commc'ns, Inc.*, 2019 WL 7940684, at \*5 (C.D. Cal. Aug. 1, 2019) (citation omitted). Forcing the parties to incur the substantial expense of litigating claims that may be resolved by the Ninth Circuit is the very harm *Landis* stays are designed to avoid.

## CONCLUSION

For the reasons set forth above, Kalshi agrees with the Court's inclination to stay proceedings in this case under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and respectfully submits that the case should be stayed pending resolution of both the *Hendrick* and *Blue Lake* Appeals.

Dated: May 1, 2026

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By:        */s/ Christopher C. Wheeler*
Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Olivia S. Choe (pro hac vice)
ochoe@milbank.com
Joshua B. Sterling (pro hac vice)
jsterling@milbank.com
MILBANK LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (pro hac vice)
gmainland@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi Inc.
and KalshiEX LLC*