UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LAKE RANCHERIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KALSHI INC., et al., <br><br> Defendants. | Case No.  25-cv-06162-JSC <br><br> **ORDER STAYING CASE** <br><br> Re: Dkt. No. 81 |

Plaintiffs are three federal recognized Indian tribes who challenge Defendants' sports-related event contracts.  Defendants are Kalshi, Inc. and KalshiEX, LLC (together, "Kalshi") and Robinhood Markets, Inc. and Robinhood Derivatives, LLC (together, "Robinhood"). There are two pending Ninth Circuit appeals relevant to this case.  First, in *Blue Lake Rancheria, et al. v. Kalshi, Inc. et al.*, Case No. 25-7504, Plaintiffs appeal this Court's order denying a preliminary injunction.  Second, in *KalshiEX, LLC, v. Assad, et al.*, Case No. 25-7516, the Ninth Circuit heard argument on April 16, 2026.  In light of these appeals, on April 21, 2026, the Court requested briefing from the parties regarding whether this case should be stayed, noting the Court "is inclined to stay the case under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) at least until the Ninth Circuit rules in" *Assad*.[1]  (Dkt. No. 81 at 1.)[2]  Plaintiffs and Kalshi support a stay pending both appeals, but Robinhood oppose a stay.  For the reasons stated below, the Court stays the case until the Ninth Circuit rules in *Blue Lake Rancheria, et al. v. Kalshi, Inc. et al.*, Case No. 25-7504 and in *KalshiEX, LLC v. Assad, et al.*, Case No. 25-7516.

---

[1] The Court's prior order referred to the case as *KalshiEx, LLC v. Hendrick, et al*.  But the Ninth Circuit recaptioned the case as *Assad*.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

# BACKGROUND

## A. Procedural History

Plaintiffs bring claims for (1) violation of the Indian Gaming Regulatory Act ("IGRA"), (2) violation of tribal gaming ordinances, (3) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, (4) infringement of tribal sovereignty, and (5) violation of the Lanham Act. (Dkt. No. 1.) Plaintiffs bring all five claims against Kalshi, and only the third claim is brought against Robinhood. (Dkt. No. 75 n.1.) As relevant here, Plaintiffs contend Defendants' sports-related contracts constitute unauthorized gaming on Indian lands in violation of IGRA, tribal gaming ordinances, and Plaintiffs' sovereignty. Plaintiffs' RICO claim asserts Defendants' contracts are an unlawful "Gaming Racket" and alleges a predicate act of wire fraud under the theory Defendants misrepresent their contracts are "legitimate commodity contracts tradable on a [Commodities Futures Trading Commission]-regulated exchange[.]" (Dkt. No. 1 ¶ 190.)

On September 4, 2025, Plaintiff moved for a preliminary injunction on their IGRA and Lanham Act claims. (Dkt. No. 35.) The Court denied Plaintiff's motion on November 10, 2025, noting Plaintiffs had not shown a likelihood of succeeding on those claims. (Dkt. No. 71.) For the IGRA claim, the Court explained two different statutes, the Unlawful Internet Gambling Act ("UIGEA") and the Commodity Exchange Act, govern Kalshi's contracts. The Court reasoned the latter statute gave "exclusive jurisdiction" over Kalshi's contracts to the Commodities Future Trading Commission ("the Commission"). (*Id.* at 11 (quoting 7 U.S.C. § 2(a)(1)(A))). Plaintiffs appealed this Order (Dkt. No. 73), and on appeal Plaintiffs argue Kalshi's contracts are sports betting not subject to the Commission's exclusive jurisdiction and this Court incorrectly interpreted IGRA, the UIGEA, and Lanham Act precedent. (*See, e.g., Blue Lake Rancheria, et al. v. Kalshi, Inc. et al.*, Case No. 25-7504, Dkt. No. 31) (Plaintiffs' opening brief). Oral argument is set for July 10, 2026. (*Id.* Dkt. No. 61.)

While Plaintiff's motion was pending, Defendants filed separate motions to dismiss. Defendants argue, among other things, the Commission has exclusive jurisdiction over Kalshi's activities, the Commodity Exchange Act preempts tribal ordinances, and Plaintiffs have not plausibly alleged predicate RICO acts.

**B. The Pending *Assad* Decision**

On April 16, 2026, the Ninth Circuit heard argument in another case, *KalshiEx, LLC, v. Assad, et al.*, Case. No. 25-7516, which raises similar issues.  There, Kalshi asserts the Commission has exclusive jurisdiction over Kalshi's contracts and the Commodity Exchange Act preempts state gambling laws.  (*Id.* Dkt. No. 20) (Kalshi's opening brief).  Urging the opposite, Nevada regulators and dozens of amici raise questions about whether the Commodity Exchange Act preempts state law and whether Kalshi's interpretation of the law would impliedly repeal IGRA and the UIGEA.  (*See, e.g., id.* Dkt. No. 33) (Answering Brief).

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  In deciding whether to enter a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to enter a Landis stay is a matter of discretion.  *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, the *Landis* factors warrant a stay until the Ninth Circuit rules in the *Blue Lake* and *Assad* cases.  Although the parties do not make arguments either way about the second *Landis* factor, the possible damage of a stay is minimal and a stay will likely simplify core issues in this case.

3

First, the possible damage of a stay is small because Plaintiffs and Kalshi assert a stay will not harm them, and the harm to Robinhood is minimal and largely unavoidable. Plaintiffs correctly observe the Court's denial of a preliminary injunction means they "have no option but to continue to endure" the harms they assert "until the Ninth Circuit rules on the Tribes' appeal in this case." (Dkt. No. 82 at 4.) Likewise, Kalshi notes "[a]ny delay will have little practical impact where no discovery has yet occurred[.]" (Dkt. No. 85 at 8.) By contrast, Robinhood emphasizes its "reputation is actively being harmed by Plaintiffs' RICO allegations," citing news articles that discuss Plaintiffs' allegations, and "[t]he harm is particularly acute" because RICO allegations are "inflammatory" and "quasi-criminal" in nature. (Dkt. No. 84 at 7) (cleaned up). True, RICO is a quasi-criminal statute, but Robinhood's reputational harms hardly stem from *this particular lawsuit*. Rather, Robinhood's reputational harms arise from the legal uncertainties of conduct Robinhood chose to engage in. Broadly speaking, there are many legal challenges to Defendants' contracts, such that the impact of Plaintiffs' RICO claim on Robinhood's reputation is a drop in the bucket compared to the attention Robinhood (and prediction markets more broadly) are receiving. (*See, e.g.*, Dkt. No. 85 at 4 (noting "Kalshi has sued or been sued by fifteen state regulators," "[s]ix of these matters have been appealed to four different circuit courts," and "[t]here are also a number of pending disputes involving other prediction market participants as well as the CFTC"); Dkt. No. 1 ¶¶ 80-90 (citing various articles covering prediction markets and the Commodities Futures Trading Commission)). For better or worse, Robinhood has staked its business on a novel legal argument that has, perhaps unexpectedly, become a hot-button issue. With or without a stay in this case, Robinhood's reputational harms will not disappear.

Second, both appeals will likely simplify core issues in this case, and a stay avoids inconsistent rulings with the Ninth Circuit in both appeals. *Blue Lake* will offer guidance on (or, in Kalshi's view, potentially dispose of) at least two of Plaintiffs' claims. And *Assad* will likely clarify thorny questions of preemption and statutory interpretation which are core to Plaintiffs' lawsuit. Without a stay, there is a risk this Court would issue decisions that conflict with the Ninth Circuit's ruling in either appeal. Robinhood notes it raises three "independent reasons why the Court should dismiss Plaintiffs' civil RICO claim," only one of which "partially overlaps

4

with" the preemption issue in *Assad*.  (Dkt. No. 84 at 3.)  Although the Court could, in theory, grant Robinhood's motion to dismiss the RICO claim without addressing the issues on appeal in *Assad* and *Blue Lake*, a partial stay would be inefficient.  Given the complexity and novelty of Plaintiffs' claims, it would be much easier to address Defendants' motions at once, and with the benefit of the Ninth Circuit's rulings.

Accordingly, a *Landis* stay is appropriate.

## CONCLUSION

For the reasons outlined above, the Court stays the case until the Ninth Circuit rules in *Blue Lake Rancheria, et al. v. Kalshi, Inc. et al.*, Case No. 25-7504 and in *KalshiEX, LLC v. Assad, et al.*, Case No. 25-7516.  As the Ninth Circuit is likely to rule in one case before the other, any party may ask for a status conference once a decision in either appeal is issued.

**IT IS SO ORDERED.**

Dated: May 22, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5