Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Olivia S. Choe (*pro hac vice*)
ochoe@milbank.com
Joshua B. Sterling (*pro hac vice*)
jsterling@milbank.com
**MILBANK LLP**
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (*pro hac vice*)
gmainland@milbank.com
Karen Wong (*pro hac vice*)
kwong3@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi, Inc. and KalshiEX, LLC*

Mark R. Conrad (CA Bar No. 255667)
mconrad@conmetkane.com
**CONRAD METLITZKY KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101

Mithun Mansinghani (*pro hac vice*)
mithun@lehotskycohn.com
**LEHOTSKY COHN LLP**
629 W. Main Street
Oklahoma City, OK 73102
Telephone: (512) 693-8350

Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Brittany L. Sukiennik (*pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Fax: (212) 474-3700
Email: aryan@cravath.com
Email: korsini@cravath.com
Email: bsukiennik@cravath.com

*Attorneys for Defendants Robinhood Markets, Inc. and Robinhood Derivatives, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

BLUE LAKE RANCHERIA, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS, and PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS,

*Plaintiffs*,

*v.*

KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20,

*Defendants*.

Case No. 3:25-cv-06162

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR LIMITED RELIEF FROM STAY**

Date: September 24, 2026
Time: 10:00am
Courtroom: 8
Judge: Jacqueline Scott Corley

Defendants Kalshi, Inc. and KalshiEX LLC ("Kalshi") and Robinhood Markets, Inc. and Robinhood Derivatives, LLC ("Robinhood" and, together with Kalshi, "Defendants") respectfully submit this opposition to Plaintiffs' Motion for Leave to Amend Complaint and for Limited Relief from Stay (the "Motion"). ECF No. 90.

## STATEMENT OF ISSUE

Whether the circumstances that persuaded this Court to order a stay of proceedings pending resolution of related Ninth Circuit appeals have so significantly changed as to warrant lifting the stay.

## ARGUMENT

This Court has stayed the proceedings in this action until the Ninth Circuit rules in *Blue Lake Rancheria v. Kalshi, Inc.*, No. 25-7504, and *KalshiEX, LLC v. Assad*, No. 25-7516, because "both appeals will likely simplify core issues in this case." ECF No. 87 at 4. The Ninth Circuit issued its opinion in *Assad* today, but it has not yet ruled in the *Blue Lake* appeal. That appeal has been fully briefed and argued.

Plaintiffs agreed to the stay in proceedings pending rulings in "both" appeals, ECF No. 82 at 2, but now ask the Court to lift the stay so that it may consider—and grant—their motion for leave to amend their complaint to add a new plaintiff, Buena Vista Rancheria of Me-Wuk Indians ("Buena Vista"). If the parties' appeal had not been fully briefed and argued, and if the case were not currently stayed, Defendants would have no issue with Plaintiffs seeking to amend their complaint. But the purpose of the stay was to permit the Ninth Circuit to rule and "offer guidance on" a number of "core issues" in the case, and to "potentially dispose of" "at least two of Plaintiffs' claims." *Id.* The Court stayed its proceedings to avoid consuming its resources and those of the parties until it had "the benefit of the Ninth Circuit's rulings." *Id.* at 5. It would be most efficient for the Court to consider the request to amend the complaint after the Ninth Circuit rules on Plaintiffs' appeal, and the stay in this Court is lifted.

Plaintiffs have not identified any "material" change in circumstances sufficiently significant to warrant lifting the stay. *Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145, 1153 (9th Cir. 2025) (affirming refusal to lift stay where there were no "material changes of law or fact after the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

district court granted the stay"); *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014) (court "may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly") (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)); *cf. Thomas v. Home Depot USA Inc.*, 2007 WL 2140917, at *1 (N.D. Cal. July 25, 2007) (lifting stay because "the grounds on which this Court originally issued the stay no longer exist [and] both parties agree that the Court should lift the stay").

Plaintiffs do not argue that the grounds on which this Court originally issued the stay no longer exist—nor could they, since the *Blue Lake* appeal remains pending. Instead, they argue that a "limited" lifting of the stay to add Buena Vista would "promote[ ] the same efficiency interests that justified the stay in the first place." Mot. at 6. But there is no reason why Buena Vista needs to be added now, while the stay is in place, particularly since Plaintiffs agree that the stay should remain "in full force and effect as to all other aspects of this action." Mot. at 6. Any "efficiency" to be gained by adding Buena Vista to the case will be equally available once the court of appeals has resolved *Blue Lake*, and this Court has the benefit of its guidance on the complex and novel legal issues at play.

The real reason—indeed the only conceivable reason—for Plaintiffs to file the Motion at this time is to bolster their appeal following Picayune Rancheria's decision to remove itself from this suit. On appeal, Defendants have argued that tribes that conduct gaming pursuant to secretarial procedures, rather than tribal-state compacts, lack a cause of action under the Indian Gaming Regulatory Act ("IGRA"), notwithstanding this Court's analysis of *Stand Up for California! v. U.S. Dep't of Interior*, 959 F.3d 1154 (9th Cir. 2020), with which Defendants respectfully disagree. *See* ECF Nos. 85–88, Case No. 25-7504; 25 U.S.C. § 2710(d)(7)(A)(ii). Should the Ninth Circuit choose to address this question and agree with Defendants, it would be independently dispositive of the appeal as to Plaintiffs' IGRA claim. That is because—following Picayune's voluntary dismissal—no tribe remaining in the action has a tribal-state compact.

Defendants submitted briefing on this precise topic to the Ninth Circuit shortly after Picayune's dismissal, noting that "Now that Picayune Rancheria is dismissed, the Court may affirm

the district court's order . . . on the independent basis that the remaining Plaintiffs-Appellants lack a cause of action under IGRA because they engage in gaming pursuant to secretarial procedures, not compacts." ECF No. 86 at 4, Case No. 25-7504 (August 12, 2026); *see* ECF Nos. 85–88. Two days later, Plaintiffs filed this Motion seeking to add Buena Vista—which has a tribal-state compact. But Plaintiffs' desire to rescue their appeal from the potentially dispositive vulnerability created by Picayune's dismissal—even if adding Buena Vista as a party in the district court had any relevance to the pending appeal in the Ninth Circuit, which it does not—is not grounds for lifting the stay. Indeed, if anything, Picayune's dismissal and the increased significance of *Stand Up* weigh in favor of waiting for the Ninth Circuit to provide potentially dispositive guidance before lifting the stay.

Plaintiffs argue that Buena Vista can be seamlessly added to the litigation, but that is far from clear. Even if the Court permitted Plaintiffs to file an amended complaint including Buena Vista, that would not render it an appellant in the *Blue Lake* appeal. *See Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1368 (9th Cir. 1985) ("Only the parties named in the notice of appeal are brought within the appellate court's jurisdiction.") (citation omitted); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 672 n.2 (9th Cir. 2018) (appeals panel lacked jurisdiction over "additional plaintiff [named] in the amended complaint" and who was not timely included in the notice of appeal); *Trinidad Corp. v. Maru*, 781 F.2d 1360, 1362 (9th Cir. 1986); *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1215 (9th Cir. 2018) (joinder pursuant to FRCP 21 is "'rarely' used on appeal"); *E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1000 (9th Cir. 2024) ("Intervention [pursuant to FRCP 25] at the appellate stage is … unusual.") (citation omitted).

Nor will Plaintiffs be "unduly prejudice[d]" if the stay remains in place. *Evolutionary Intelligence*, 2014 WL 2735185, at *2. If Plaintiffs still wish to add Buena Vista after the Ninth Circuit rules in *Blue Lake*, they may move to do so then. Neither they nor Buena Vista will suffer any prejudice from deferring their motion until that time where they agree that the stay should remain "in full force and effect as to all other aspects of this action." Mot. at 6. Plaintiffs' request for leave to amend the complaint should be denied as premature. And the motion to lift the stay should be denied; the reasons for entering it still exist today, and Plaintiffs have not established any changes in factual or legal circumstances—let alone material or significant ones—warranting its

dissolution.

**CONCLUSION**

For the foregoing reasons, the Motion should be denied in its entirety.

Dated: August 28, 2026

Respectfully submitted,

By: /s/ Olivia S. Choe

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Olivia S. Choe (*pro hac vice*)
ochoe@milbank.com
Joshua B. Sterling (*pro hac vice*)
jsterling@milbank.com
**MILBANK LLP**
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (*pro hac vice*)
gmainland@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi Inc. and KalshiEX LLC*

Mark R. Conrad (CA Bar No. 255667)
mconrad@conmetkane.com
**CONRAD METLITZKY KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101

Mithun Mansinghani (*pro hac vice*)
mithun@lehotskycohn.com
**LEHOTSKY COHN LLP**
629 W. Main Street

Oklahoma City, OK 73102
Telephone: (512) 693-8350
Facsimile: (512) 693-8350

Antony L. Ryan (*pro hac vice*)
aryan@cravath.com
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
Brittany L. Sukiennik (*pro hac vice*)
bsukiennik@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Robinhood Markets, Inc., and Robinhood Derivatives, LLC*