LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUE LAKE RANCHERIA, and CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS,<br><br>Plaintiffs,<br>v.<br><br>KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20,<br><br>Defendants. | Case No.: 25-cv-06162-JSC<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR LIMITED RELIEF FROM STAY**<br><br>Date: September 24, 2026<br>Time: 10:00am<br>Courtroom: 8<br>Judge: Jacqueline Scott Corley |

This Court stayed this action pending the Ninth Circuit's rulings in *Blue Lake Rancheria v. Kalshi, Inc.*, No. 25-7504 and *KalshiEX, LLC v. Assad*, No. 25-7516, and the Tribes' Motion does not ask the Court to disturb that stay. The Tribes seek only limited relief: leave to amend so that this Court can decide one non-merits motion, adding Buena Vista Rancheria of Me-Wuk Indians ("Buena Vista") as a plaintiff. The Tribes otherwise intend the stay to remain fully intact. Defendants ("Kalshi and Robinhood") concede that "[i]f the parties' appeal had not been fully briefed and argued, and if the case were not currently stayed, Defendants would have no issue with Plaintiffs seeking to amend their complaint." (Dkt. No. 91 at 1.) Kalshi and Robinhood nonetheless oppose, improperly importing the "material change in circumstances" standard, which governs

wholesale dissolution of a stay, into a request that leaves the stay otherwise untouched. Moreover, the Tribes' agreement to await rulings in both appeals does not bar this relief; that agreement addressed when the stay's general dissolution trigger would occur, not whether the Court retains authority to resolve a single non-merits matter without disturbing that trigger. Indeed, the stay order itself anticipated staggered rulings, inviting a status conference once either appeal issued. (Dkt. No. 87 at 5.) Because Kalshi and Robinhood identify no prejudice or hardship under *Foman v. Davis*, 371 U.S. 178 (1962), and nothing in their own authorities suggests otherwise, the Motion should be granted.

## I. The "Material Change" Standard Governs Dissolution of a Stay, Not Narrow Relief That Leaves the Stay Intact.

The Tribes seek limited relief from the stay, solely to permit this Court to decide one non-merits motion, with the stay to "remain in full force and effect as to all other aspects of this action." (Dkt. No. 90 at 6.) Kalshi and Robinhood nonetheless argue that the Tribes must show a "material change in circumstances." (Dkt. No. 91 at 1.) In *Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145 (9th Cir. 2025), which Kalshi and Robinhood cite, the Ninth Circuit applied the "material change" standard to a stay under *Colorado River* abstention, assessed through an eight-factor test governing deference to a parallel state proceeding. That doctrine has no application here, since no parallel state proceeding exists. And in *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, 2014 WL 2735185 (N.D. Cal. June 16, 2014), the court denied severance from a stay not for lack of material change, but because severance would have created the very duplicative litigation the stay was meant to prevent. Unlike the severance denied in *Evolutionary Intelligence*, the Tribes' narrow motion creates no duplication and leaves the stay's efficiency rationale, awaiting *Blue Lake*, intact.

Kalshi and Robinhood's related argument, that the Tribes agreed to await rulings in "both" *Blue Lake* and *Assad*, fares no better. (Dkt. No. 82.) That stipulation addressed when the stay's general dissolution trigger would be satisfied, not whether the Court retains its ordinary case-management authority to resolve a single procedural question without touching that trigger at all. The stay order confirms this: anticipating that the two appeals would likely resolve at different times, the Court expressly invited a status conference once either ruling issued. (Dkt. No. 87 at 5.)

That structure forecloses Defendants' apparent position that no activity may occur until *Blue Lake* is decided, and it permits the narrower relief the Tribes seek here. The Tribes do not contend *Assad's* issuance triggers dissolution, and the stay remains in place pending *Blue Lake* as agreed; the motion here asks only for leave to decide a discrete procedural question the stay never purported to reach. This reading also serves the stay's purpose of avoiding conflicting rulings on issues the Ninth Circuit will clarify (Dkt. No. 87 at 4), since, as discussed in Section III, granting leave requires no ruling on any claim the Ninth Circuit will address in *Blue Lake*.

Denial of the motion, moreover, does not avoid work, it duplicates it. Kalshi and Robinhood ask the court to deny the motion as premature, not to defer ruling on it (Dkt. No. 91 at 5), which means the Tribes would have to file a new motion after *Blue Lake* just to add Buena Vista. That later motion would therefore call for the same Rule of Civil Procedure 15 showing this one does, since it introduces no new theories and causes no prejudice, and the same presumption in favor of amendment would apply. Waiting conserves nothing; it simply requires the same motion to be briefed and decided twice.

## II. Kalshi and Robinhood Identify No Prejudice or Undue Delay, Leaving the Presumption Under Rule 15 Unrebutted.

Under Rule 15(a)(2), courts apply a policy of "extreme liberality" toward amendment, and prejudice to the opposing party is the touchstone of that inquiry. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051-1052 (9th Cir. 2003). The Tribes' motion for leave to amend showed that adding Buena Vista requires no new legal theories and no changes to the existing case schedule. Kalshi and Robinhood do not dispute any of this. The amendment adds a plaintiff, not a claim, and requires no discovery, no new deadlines, and no new defenses. Indeed, Kalshi and Robinhood have already told this Court they "would have no issue" with the amendment but for the stay. (Dkt. No. 91 at 1.) Instead, they argue only that the Tribes will not be "unduly prejudice[d]" if the stay remains in place. (*Id.* at 3-4.) The two questions are distinct. Whether a party can tolerate delay bears on the propriety of a stay, a question already addressed above, while Rule 15 asks only whether the opposing party would be harmed by the amendment itself. On that

narrower question, Kalshi and Robinhood identify no harm, leaving the presumption in favor of granting leave unrebutted.

## III. Kalshi and Robinhood's Speculation About the Tribes' Appellate Strategy Provides No Basis to Deny Leave.

Kalshi and Robinhood argue that the Tribes seek to add Buena Vista to "rescue" their appeal following Picayune's dismissal. (Dkt. No. 91 at 2-3.) However, the Tribes seek to join Buena Vista at the district court level **only**, to settle the pleadings for eventual remand, not to alter the appellate record. The Tribes agree with Kalshi and Robinhood that adding Buena Vista will not change the scope of the pending appeal, since appellate jurisdiction is limited to the parties named in the notice of appeal record. *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1368 (9th Cir. 1985); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 672 n.2 (9th Cir. 2018).

Kalshi and Robinhood's characterization of their supplemental briefing as raising a newly "dispositive" issue is also inaccurate.[1] Defendants pressed the same secretarial-procedures argument in their Answering Brief and at oral argument in the Ninth Circuit, and the Tribes responded on the merits in their Reply. *See* Dkt. No. 87.1 at 2-4, No. 25-7504 (August 17, 2026). Kalshi and Robinhood's own motion concedes as much, describing its purpose as "elaborating" on an existing argument. Dkt. No. 85.1 at 3, No. 25-7504 (August 12, 2026). That argument is no more dispositive now than when this Court addressed it below, and Buena Vista's addition changes nothing: Defendants have already had their opportunity to argue that procedures are not meaningful substitutes for compacts.[2]

[1] Although Kalshi has argued in its Ninth Circuit briefing that secretarial procedures are not the equivalent of tribal state compacts, that question is not a formal issue on appeal, and the Ninth Circuit need not resolve it to decide the appeal before it.

[2] Kalshi's arguments on appeal are inconsistent with this Court's holding. In their answer brief Kalshi asserts: "The district court held . . . that all references in IGRA to a 'Tribal-State compact' necessarily also refer to secretarial procedures." Answering Brief of Defendants-Appellees Kalshi Inc. and KalshiEX LLC at 33, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Mar. 9, 2026), Dkt. No. 43.1. In Kalshi's Suppl. Br., they again assert: "Neither *Stand Up for California!* . . . nor the district court's reading of that case supports a contrary result," and "*Stand Up* did not hold that the term 'Tribal-State compact' is ***always*** coterminous with "secretarial procedures" under IGRA." Defendants-Appellees' Supplemental Brief at 3, *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-7504 (9th Cir. Aug. 12, 2026), Dkt. No. 86.1 (original emphasis). This is an inaccurate depiction of the Court's ruling.

Regardless of Picayune's departure or Buena Vista's addition, the Ninth Circuit must still resolve the same issues the parties have already briefed. These include the scope of 25 U.S.C. § 2710(d)(7)(A)(ii) and its application to third parties, whether compacts and procedures constitute regulatory law binding on all persons within their jurisdiction, whether violations of gaming ordinances give rise to a cause of action to enjoin class III gaming conducted in violation of a tribal-state compact, whether the CFTC has exclusive jurisdiction over sports event contracts, whether Kalshi's sports event contracts violate the CEA and 17 C.F.R. § 40.11(a)(1), and whether Kalshi's advertising of those contracts constitutes false advertising. Dkt. No. 87.1 at 4-5, No. 25-7504 (August 17, 2026). If anything, adding Buena Vista maintains the status quo of the parties' configuration in this Court and ensures a clear path to resolution of the pending motion to dismiss.

Because Kalshi and Robinhood concede they have no substantive objection to adding Buena Vista under Rule 15 (Dkt. No. 91 at 1), and identify no prejudice, undue delay, or bad faith, their speculation about the Tribes' appellate strategy provides no basis to withhold the limited relief sought here.

DATED: September 4, 2026

Respectfully Submitted,

RAPPORT AND MARSTON

By: /s/ *Lester J. Marston*
LESTER J. MARSTON, Attorney for *Plaintiffs Blue Lake Rancheria and Chicken Ranch Rancheria of Me-Wuk Indians*

## CERTIFICATE OF SERVICE

I am employed in the County of Mendocino, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of Rapport & Marston, 405 West Perkins Street, Ukiah, California 95482.

I hereby certify that I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system on September 4, 2026, which generated and transmitted a notice of electronic filing to CM/ECF registrants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; executed on September 4, 2026, at Ukiah, California.

*/s/ Ericka Duncan*
ERICKA DUNCAN