Olivia S. Choe (pro hac vice)
ochoe@milbank.com
B. Sterling (pro hac vice)
jsterling@milbank.com
MILBANK LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (pro hac vice)
gmainland@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Defendants KALSHI INC. and KALSHIEX LLC*

LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*

Mark R. Conrad (CA Bar No. 255667)
mconrad@conmetkane.com
**CONRAD METLITZKY KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101

Mithun Mansinghani (*pro hac vice*)
mithun@lehotskycohn.com
**LEHOTSKY COHN LLP**
629 W. Main Street
Oklahoma City, OK 73102
Telephone: (512) 693-8350
Facsimile: (512) 693-8350

Antony L. Ryan (*pro hac vice*)
aryan@cravath.com
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
Brittany L. Sukiennik (*pro hac vice*)
bsukiennik@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Robinhood Markets, Inc., and Robinhood Derivatives, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUE LAKE RANCHERIA and CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS,<br><br>*Plaintiffs*,<br><br>v.<br><br>KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, and DOES 1-20,<br><br>*Defendants*. | Case No.: 25-cv-06162-JSC<br><br>**JOINT STATUS REPORT** |

WHEREAS, on May 22, 2026, the Court entered an order staying this case until the Ninth Circuit's rulings in *KalshiEX LLC v. Assad, et al.*, Case No. 25-7516 (9th Cir.) and *Blue Lake Rancheria, et al. v. Kalshi Inc., et al.*, Case No. 25-7504 (9th Cir.) (ECF No. 87);

WHEREAS, on August 14, 2026, Blue Lake Rancheria and Chicken Ranch Rancheria of Me-Wuk Indians (together, "Plaintiffs") filed a motion to amend the Complaint to add Buena Vista Rancheria of Me-Wuk Indians ("Buena Vista") as an additional Plaintiff (ECF No. 90);

WHEREAS, on August 28, 2026, Kalshi Inc., KalshiEX LLC, Robinhood Markets, Inc., and Robinhood Derivatives, LLC (together, "Defendants") filed an opposition to Plaintiffs' motion to amend the Complaint (ECF No. 1) to add Buena Vista as an additional Plaintiff (ECF No. 91);

WHEREAS, on August 28, 2026, the Ninth Circuit issued its Opinion in *KalshiEX LLC v. Assad, et al.*, Case No. 25-7516;

WHEREAS, on September 4, 2026, Plaintiffs filed a reply in support of their motion to amend the Complaint (ECF No. 1) to add Buena Vista as an additional Plaintiff (ECF No. 92);

WHEREAS, on September 16, 2026, the Ninth Circuit issued its Opinion in *Blue Lake Rancheria, et al. v. Kalshi Inc., et al.*, Case No. 25-7504;

WHEREAS, on September 24, 2026, the Court conducted a status conference, at which it ordered the Parties to meet and confer regarding next steps in this case;

WHEREAS, on October 2, 2026, the Parties met and conferred in response to the Court's directive, and were able to reach agreement on some, but not all, issues;

WHEREAS, on October 8, 2026, the Ninth Circuit issued the mandate in the *Blue Lake Rancheria* appeal;

NOW, THEREFORE, the Parties submit the following Joint Status Report and inform the Court as follows:

**PLAINTIFFS' POSITION**

Pending Motion to Lift Stay and to Amend Complaint. Both of the conditions imposed by the Court for lifting the stay have been met, the case has been remanded by the Ninth Circuit Court of Appeals to the District Court for further proceedings and there is no longer any reason to keep the stay in effect. For these reasons the Court should lift the stay to allow the plaintiff Tribes to renew their motion for a preliminary injunction or in the alternative move for summary judgment.

Defendants do not oppose the plaintiffs' motion to amend their complaint to add the Buena Vista Rancheria as an additional plaintiff, and for all the reasons set forth in the plaintiffs' brief in support of their motion to amend the complaint, the Court should grant the motion.

Pending Motion for Preliminary Injunction. At the last status conference hearing before the Court, counsel for defendants, Kalshi Inc. and KalshiEX LLC (collectively "Kalshi") represented to the Court that it had undertaken steps to geofence around each of the plaintiff Tribes reservations thereby rendering plaintiffs' motion for a preliminary injunction moot. This was the first time plaintiffs or plaintiffs' counsel heard that Kalshi was geofencing. Prior to the hearing Kalshi never notified plaintiffs or plaintiffs' counsel that it was geofencing, and plaintiffs' counsel has not been given any information regarding the alleged geofencing other than to be told that Kalshi has allegedly hired a firm called GeoComply to geofence the Tribes' reservations.

After this representation was made to the Court, a member of the Blue Lake Rancheria Gaming Commission placed a "bet" on the Kalshi App while on the Blue Lake Rancheria illustrating that plaintiffs will need access to GeoComply and have a court ordered putting a process in place that will allow the Tribes to independently verify whether Kalshi is in fact geofencing the Tribes' reservations. That process would have to include a provision in the order

directing Kalshi to geofencing so that in the event the Tribes find Kalshi is not geofencing the Tribes can enforce the order and if necessary, move to hold Kalshi in contempt of the order. Absence such an order the plaintiff Tribes desire that the Court set a new date for a hearing on the Tribes' motion for a preliminary injunction and establish a briefing schedule for the parties to brief the issue.

<u>Anticipated Motion to Amend</u>. Plaintiff Tribes intend to file a second amended complaint to add allegations that defendants, Robinhood Markets, Inc., and Robinhood Derivatives LLC (collectively "Robinhood") has, in addition to Kalshi, violated the Tribes' Gaming Ordinances, Compact/Procedures and the Indian Gaming Regulatory Act ("IGRA"). At the time the plaintiffs filed their complaint the Tribes were not fully aware of the relationship between Kalshi and Robinhood. At the outset of the litigation plaintiffs understood that Futures Commission Merchants ("FCM"), such as Robinhood, to be merely brokers. Plaintiffs now have evidence that shows that FCM's are central to the operation of a Designated Contract Market ("DCM") like Kalshi. Thus, Robinhood is offering sports events contracts on the Tribes' reservations in violation of the IGRA, the Tribes' Gaming Ordinances and the Tribes' Compact/Procedures. The Tribes, therefore, want to amend their complaint to seek the same relief against Robinhood in the same manner and to the same extent it seeks such relief against Kalshi.

Where, as here, the defendants have not filed an answer to the complaint, the defendants will not be prejudiced by the filing of a second amended complaint.

<u>Anticipated Motion for Partial Summary Judgment</u>. Assuming that Kalshi verifiably geofences the Tribes' reservations, the Tribes intend to amend the complaint to add their additional claims against Robinhood and move for partial summary judgment on all their causes of action except their RICO and Latham Act claims. The Tribes request that the Court establish a briefing schedule for the filing of the Tribes' motion for partial summary judgment.

<u>Anticipated Motion to Dismiss</u>. Plaintiffs position is that the Ninth Circuit Court of Appeals decision rendered the defendants' motion to dismiss moot on all issues except the Tribes' RICO and Latham Act claims. The plaintiffs agree with the defendants that the Court should set a hearing on that motion, along with a hearing on the Tribes' motion to amend its complaint, and

establish a briefing schedule around the upcoming holidays to allow the parties to brief the remaining issues in light of the Court of Appeals decision.

**DEFENDANTS' POSITION**

Pending Motion to Lift Stay and to Amend Complaint. In light of the Ninth Circuit's decision in *Blue Lake Rancheria*, Defendants no longer oppose the lifting of the stay of the proceedings and Plaintiffs' motion to amend solely for the purposes of adding Buena Vista as an additional Plaintiff.

Pending Motion for Preliminary Injunction. With respect to Plaintiffs' pending motion for preliminary injunction (ECF No. 35), Defendants Kalshi Inc. and KalshiEX LLC (together, "Kalshi") respectfully request leave to file a supplemental opposition. Kalshi believes the preliminary injunction motion is now moot because, following the Ninth Circuit's ruling in *Blue Lake*, Kalshi has taken reasonable measures, working with a well-known third-party provider (GeoComply), to geofence Plaintiffs' tribal lands. As a result, persons located within the boundaries of Plaintiffs' Indian lands (as defined by the Indian Gaming Regulatory Act, or "IGRA") should not be able to trade sports event contracts on Kalshi's app or website, and Plaintiffs thus cannot establish that they are suffering irreparable harm. During the October 2 meet-and-confer, Plaintiffs' counsel asserted that, on September 25, an unidentified individual was able to place a trade on Kalshi while located on one of Plaintiffs' Indian lands. That was the first time Plaintiffs had informed Kalshi of any issue with the measures that had been established as of September 23, and Plaintiffs' counsel did not provide any details regarding the specifics of the alleged trade. Later, on October 7, Plaintiffs' counsel sent information suggesting that the trade in question occurred on October 2, not September 25. Kalshi is discussing with GeoComply the issue identified by Plaintiffs' counsel on October 7. In any event, Kalshi's supplemental opposition will affix a sworn company affidavit attesting to the measures that have been taken to prevent persons from accessing Kalshi's sports event contracts while located on Plaintiffs' Indian lands. Kalshi proposes to file its supplemental opposition by October 23, 2026.

Anticipated Motion to Amend. Defendants understand that Plaintiffs intend to move for leave to file a Second Amended Complaint. Kalshi cannot evaluate whether or not it will oppose

the motion to amend until it has seen the motion and proposed pleading. Based on Plaintiffs' position above, which states the intention to assert additional causes of action against Robinhood, Robinhood expects to oppose Plaintiffs' anticipated motion to amend. Defendants take no position as to when Plaintiffs should be expected to file any such motion, and request only that Defendants be afforded thirty (30) days to respond to the motion once filed.

Anticipated Motion for Partial Summary Judgment. Defendants also understand that Plaintiffs intend to move for partial summary judgment on certain of their claims (ECF No. 90-1). Defendants submit that a motion for partial summary judgment is premature until such time as the anticipated motion to amend has been adjudicated, such that the Court and the Parties have clarity as to what the operative pleading is. Once the Court has rendered a decision on the anticipated motion to amend, Defendants submit that briefing on any motion for partial summary judgment should be on the same schedule as Defendants' anticipated motions to dismiss the operative pleading,[1] as set forth below.

Anticipated Motions to Dismiss. As noted, Defendants intend to move to dismiss the Second Amended Complaint (if the motion to amend is granted), or to file renewed motions to dismiss the First Amended Complaint (if the motion to amend is denied). Because the timing is currently uncertain as to when there will be clarity as to the operative pleading, Defendants would propose the following schedule on Defendants' anticipated motions to dismiss and Plaintiffs' anticipated motion for partial summary judgment:

- 45 days after decision on motion to amend: Defendants file motions to dismiss; Plaintiffs file motion for partial summary judgment.
- 45 days after opening briefs: Defendants file opposition to motion for partial summary judgment; Plaintiffs file opposition to motions to dismiss.

[1] If the Court were to deny Plaintiffs' motion to amend, Defendants believe it would be helpful to file renewed motions to dismiss the First Amended Complaint so as to crystallize what issues remain in play following the Ninth Circuit's decision in *Blue Lake Rancheria*.

- 30 days after opposition briefs: Defendants file replies in further support of motions to dismiss; Plaintiffs file reply in further support of motion for partial summary judgment.

Dated: October 14, 2026

Respectfully submitted,

MILBANK LLP

By: /s/ Grant R. Mainland

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Dylan M. Silva (SBN 306363)
dmsilva@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Olivia S. Choe (pro hac vice)
ochoe@milbank.com
Joshua B. Sterling (pro hac vice)
jsterling@milbank.com
MILBANK LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Grant R. Mainland (pro hac vice)
gmainland@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi Inc. and KalshiEX LLC*

Mark R. Conrad (CA Bar No. 255667)
mconrad@conmetkane.com
**CONRAD METLITZKY KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101

Mithun Mansinghani (*pro hac vice*)
mithun@lehotskycohn.com
**LEHOTSKY COHN LLP**

629 W. Main Street
Oklahoma City, OK 73102
Telephone: (512) 693-8350
Facsimile: (512) 693-8350

Antony L. Ryan (*pro hac vice*)
aryan@cravath.com
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
Brittany L. Sukiennik (*pro hac vice*)
bsukiennik@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Robinhood Markets, Inc., and Robinhood Derivatives, LLC*

LESTER J. MARSTON
California State Bar No. 081030
THE LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net

*Attorney for Plaintiffs*